Frank R. Ficht, Plaintiff-Appellee, v. Niedert Motor Service, Inc., an Illinois Corporation, Ronald E. Gahart and Mary C. Kuehnle, Defendants-Appellants.

**Gen. No. 48,528.**

First District, Second Division.
January 30, 1962.
Rehearing denied February 21, 1962.

Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago (Caryl P. Bonotto and John M. O'Connor, Jr., of counsel), for Mary C. Kuehnle, appellant. Baker, McKenzie & Hightower, of Chicago (John C. McKenzie and Thomas F. Bridgman, of counsel), for Niedert Motor Service, Inc. and Ronald E. Gahart, appellants.

Harold W. Wynkoop, of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court:

Frank R. Ficht, a guest in the car of Mary C. Kuehnle, was injured in a collision with a truck owned by Niedert Motor Service, Inc., and driven by Ronald E. Gahart, which made a left turn in front of Mrs. Kuehnle's car. In an action against the three defendants the jury returned a verdict for $75,000, and answered in the affirmative a special interrogatory finding Mrs. Kuehnle guilty of wilful, wanton and malicious conduct. The defendants appeal.

We turn to a consideration of the points urged in the appeal of Mary C. Kuehnle. She says that she was not guilty of wilful and wanton misconduct, and that the trial court erred in refusing to direct a verdict for her, to set aside the special finding and to enter judgment for her notwithstanding the verdict. Plaintiff insists that Mrs. Kuehnle was guilty of wilful and wanton misconduct and that the court did not

363

err in denying her motions. In deciding this point we are presented with the question whether there is in the record any evidence which, standing alone and taken with all its intendments most favorable to the plaintiff, tends to prove the material elements of his case. Gorczynski v. Nugent, 402 Ill 147, 83 NE2d 495; Weinstein v. Metropolitan Life Ins. Co., 389 Ill 571, 60 NE2d 207.

On December 23, 1958, plaintiff was a guest in Mary Kuehnle's car, sitting on the right front seat while she was driving the car in Waukegan. The weather was clear. There was some snow on the sides of the streets. She drove west on Grand Avenue. The street was wet in spots with the center part clear where the traffic had been moving. The weather was warming up enough to melt the snow. Mrs. Kuehnle made a left turn from Grand Avenue on to Butrick Street, proceeding south and stopped at a four-way stop intersection at Brookside and Butrick, which is two blocks south of Grand and two blocks north of Monroe. She then started up, continuing south on Butrick. The truck trailer was being driven north on Butrick by Gahart. The tractor was from 20 to 24 feet long and the trailer 32 feet long. They weighed 14,000 to 16,000 pounds empty. Butrick is a through street 26 feet wide. Monroe, which comes into Butrick from the west but does not cross it, is 31.4 feet wide. This is a T intersection. Both streets are paved. There is a stop sign on Monroe for traffic entering Butrick. Just before arriving at Grand and Butrick plaintiff warned her to slow down. He thought the street was slippery and that she was going too fast. He told her 30 miles an hour was too fast for the condition of the street. At that point there was a traffic sign which says "18 miles an hour." About a block and half south of Grand he told her to slow down as he thought she was driving too fast for the condition of the street. She could have

been driving 30 miles an hour. As she left Brookside she saw the truck with which her car collided. It was about two blocks to the south and her car was about two blocks to the north. She continued to watch the truck. The truck was about a car length or two back from the T intersection at Monroe, and her car was about the same distance to the north of the intersection when the truck made an abrupt turn. The truck was about 30 feet back when the driver commenced to make his turn. Plaintiff hollered, "Look out, he is turning." By that time she had her foot on the brake and stepped down on it as hard as she could and veered a little to the east, thinking she might go around the truck. She did not get that far. The right front fender of her automobile struck the truck in front of the back wheels of the trailer. Plaintiff was injured by the impact.

Plaintiff testified that the streets were wet, with icy patches. When she pulled away from Brookside and drove south toward Monroe, a distance of two blocks, the speed of her car went up again to 30 miles an hour. He did not have time to say anything to her. The truck turned in front of them. At that time the truck was about 20 to 30 feet south of the crosswalk. Her car was possibly 40 feet from the point of collision when the truck started to turn. The turn was not abnormal other than the fact that the driver turned directly in front of her. When she arrived at the intersection and the truck crossed in front of her, it was making a left turn. She fixed the point of impact as slightly to the west of the center line of Butrick Street and about the center line of Monroe Street, where it extended across. She had probably slowed down to 10 or 15 miles an hour at the time the cars collided, having applied her brakes immediately before the collision, at which time her car was not moving faster than the truck. When the truck came to a

365

stop it was all the way on Monroe Street, headed west. She had a conversation with the driver, who said: "I wasn't thinking. I was looking for Monroe Street." She estimated the speed of the truck at 25 miles per hour and said that the driver did not seem to reduce his speed at any time. The driver was looking over to the west side of Butrick. She saw the directional signal go on. The truck was starting to cross into her lane of traffic when the turn signal went on. No horn was blown. As the truck and her car proceeded toward the intersection, there was no traffic between the truck and her car. She did not see the truck pass any car.

■■■ It is difficult to define the term "wilful and wanton misconduct." Each case depends upon its peculiar facts. A wilful and wanton act is one that is committed intentionally or under circumstances exhibiting a reckless disregard for the safety of others. The question whether a personal injury has been inflicted by wilful and wanton misconduct is ordinarily a question of fact to be determined by the jury if there is evidence in the record to support it. Schneiderman v. Interstate Transit Lines, Inc., 394 Ill 569, 583, 69 NE2d 293. If there is not sufficient evidence to sustain a charge of wilful and wanton misconduct, it is the trial court's duty to withdraw that charge from the jury's consideration. Bartolucci v. Falletti, 382 Ill 168, 46 NE2d 980; Greene v. Noonan, 372 Ill 286, 293, 23 NE2d 720; Robertson v. New York Cent. R. Co., 388 Ill 580, 58 NE2d 527; Mower v. Williams, 402 Ill 486, 84 NE2d 435.

■■■ It is significant that there is no evidence of skidding either by Mrs. Kuehnle's car or the truck. The truck driver, unfamiliar with the location of Monroe Street, had been looking for that street in order to make his last delivery. When he made the left turn, she veered her car to the left, applying the brakes,

but was unable to avoid a collision with the rear of the trailer. No signal was given by Gahart, the truck driver, prior to the last 100 feet traveled by the truck before turning, as required by the Uniform Act Regulating Traffic on Highways (§ 162, c 95½, Ill Rev Stats 1959). The turn indicator was activated when the truck driver first saw the street sign, or just before he made the turn, or just as he started turning. The testimony that Mrs. Kuehnle drove her car at 30 miles an hour in a 25 mile zone does not necessarily establish wilfulness or wantonness. All the circumstances must be taken into consideration. Bartolucci v. Falletti, supra. It is the legislative policy that a driver is not liable to a guest for negligence. The liability is limited to injuries caused or contributed to by the wilful and wanton misconduct of the driver. § 9—201, c 95½, Ill Rev Stats 1961. The evidence conclusively shows that Mrs. Mary Kuehnle was not guilty of wilful and wanton misconduct. The court should have directed a verdict for her.

■ Niedert Motor Service, Inc., and Ronald E. Gahart argue that the trial court committed reversible error in refusing to withdraw the wilful and wanton count in the complaint from the jury's consideration. Since the jury returned a general verdict finding all defendants guilty, that verdict can only be sustained on evidence tending to prove the count charging wilful and wanton misconduct. Kasper v. Curran, 24 Ill App 2d 380, 382, 164 NE2d 506. If there is not sufficient evidence in the record to sustain the charge of wilful and wanton misconduct, it is the trial court's duty to withdraw that charge from the jury's consideration. Bartolucci v. Falletti, supra; Greene v. Noonan, supra; Mower v. Williams, supra. Plaintiff insists that the evidence clearly establishes that these defendants made a left turn immediately in front of the automobile of Mrs. Kuehnle and failed to yield the right of

way to her car; that they commenced to turn the truck at a distance of 30 to 40 feet before arriving at the intersection without giving a signal or indication of intention to turn as required by law; that the driver was looking to the west side of the street for a street sign; that he did not see the automobile in which plaintiff was riding until his truck had almost completed its turn; that his turn at the intersection was "sharp", "abrupt" and "sudden"; that there was evidence that he did not reduce his speed; that these defendants introduced no witnesses to contradict this evidence except Gahart, whose testimony largely substantiated the evidence of the other witnesses; and that the trial judge did not err in submitting the issue of wilful and wanton misconduct to the jury.

An analysis of the cases involving wilful and wanton misconduct leads to the conclusion that each case must be decided on its own facts. The only evidence of misbehavior on the part of the trucking company and its driver relates to the type of left turn made by the driver. The turn was almost completed at the time of the mishap. Just as the fact of speed alone is insufficient to create a fact question of wilful and wanton misconduct, an improper turn, without more convincing evidence, is insufficient as a matter of law to create a fact issue under such charge. Bartolucci v. Falletti, supra; Clarke v. Storchak, 384 Ill 564, 582, 52 NE2d 229. Since the jury returned a general verdict against all defendants, it must be presumed that the verdict was based on the wilful and wanton misconduct charges in the complaint, and not upon the charges of negligence therein. The verdict may be upheld only upon a finding that the evidence created a fact issue regarding the alleged wilful and wanton misconduct of these defendants. Trumbo v. Chicago, B. & Q. R. Co., 389 Ill 213, 221, 59 NE2d 92; Kasper v. Noonan, supra. The independent witness,

Stewart, testifying for plaintiff, stated that the turn executed by the truck trailer was a normal one. He declined to describe the turn as either unusual or abrupt. All witnesses were in accord in their testimony regarding the location of the two vehicles immediately before the accident, their position at the time of impact, the points of contact of the vehicles and their relative locations after the impact. Stewart estimated the speed of Mrs. Kuehnle's car at 25 miles an hour at the time the truck was turning. When the truck came to a stop the rear of the trailer was 10 to 14 feet west of the crosswalk. The truck driver testified that from his experience in driving a truck trailer of the type he was driving that day, the maximum speed at which a left turn can be made on city streets "of this width where the turn is to a right angle, is roughly 10 miles an hour." To sustain a charge of wilful and wanton misconduct the evidence must show a consciousness on the part of the defendant that his conduct would naturally and probably result in injuries, an intentional disregard of a known duty or an absence of care for the life, person or property of others, such as exhibiting a conscious indifference to consequences. Joiner v. Birch, 21 Ill App2d 249, 251, 157 NE2d 676; Clarke v. Storchak, supra. The evidence fails to support the charge of wilful and wanton misconduct. It was the duty of the trial judge to withdraw that count for consideration of the jury.

██ ██ There was competent evidence to support the charges of negligence against the trucking company and the driver. The jury could find that the truck made a left turn in front of the automobile in which plaintiff was riding without giving a signal or warning as required by law; that the driver failed to keep a proper lookout for other motor vehicles on Butrick Street; that he failed to yield the right of way to Mrs. Kuehnle's automobile; and that he turned the

truck from a direct course on Butrick Street when the movement could not be made with reasonable safety. It was admitted that Gahart was employed by the trucking company and that the collision occurred while he was performing duties within the scope of his employment. The verdict cannot stand because of failure to make out a prima facie case on the wilful and wanton count.

■ The trucking company and its driver assert that the trial court committed reversible error in refusing to allow Dr. J. Stannard Baker of the Northwestern Traffic Institute to testify as an expert witness. Dr. Baker would trace the movements of the truck trailer. His testimony would be based upon principles of engineering and physics relative to the movement of vehicles under relative circumstances at relative speeds. He would testify to the arc made by the rear wheels of the trailer and the forward wheels of the tractor, and translate that turn onto the plat introduced by plaintiff to which all other witnesses referred in their testimony regarding the location of the vehicles involved at various times. These defendants say that there is a vast difference in size and maneuverability between the management and operation of an ordinary automobile with which most jurors are familiar and the operation of the truck trailer driven by Gahart. They maintain that the proposed testimony of Dr. Baker would not invade the province of the jury, and that he would be giving an opinion, based upon his technical knowledge and training, which the jury should hear for an enlightened consideration and correct disposition of the ultimate issue. This point has not been specifically passed upon by reviewing courts in this state. The driver of the truck trailer described to the jury the path which his truck took in making the turn. The proffered testimony of Dr. Baker was offered to bear out the testimony of the

370

driver, and to establish that the testimony of other witnesses could not possibly be true. The question of defendants' conduct in making this turn in the manner in which the truck collided with the car in which the plaintiff was riding was an ultimate issue in the case. It involved the conduct of these defendants which was for the jury to pass upon. Wawryszyn v. Illinois Cent. R. Co., 10 Ill App2d 394, 397, 135 NE2d 154. The course which the truck took in making the turn at the intersection was a matter of common observation of the witnesses who saw the occurrence. The jury is able to properly comprehend and weigh the facts without the aid of an expert. To permit an expert witness to reconstruct the scene of a collision and retrace the movement of a vehicle from the point of impact back to some point prior thereto, and testify in contradiction to the testimony of witnesses who viewed the occurrence, would open the door in every personal injury case to expert testimony on factual matters, and would be an invasion of the province of the jury. If expert testimony were permitted, the opposing parties would have the right to introduce experts of their own. This would tend to confuse the issues and make the arrival at a just verdict more difficult. We think that the trial judge was right in ruling that Dr. Baker should not be permitted to testify.

For the reasons stated the judgment is reversed and the cause is remanded with directions to enter judgment notwithstanding the verdict in favor of Mary C. Kuehnle; to strike the wilful and wanton count against Niedert Motor Service, Inc., and Ronald E. Gahart, and for a new trial on the remaining issues against the defendants.

Judgment reversed and cause remanded with directions.

FRIEND, P. J. and BRYANT, J., concur.