Phillip Thomas, as Administrator, et al., Plaintiffs-
Appellees, v. Merritt E. Cagwin, et al., Defendants-
Appellants.

Gen. No. 11,680.

Second District, First Division.

October 14, 1963.

O'Brien, Burnell, Puckett & Barnett, of Aurora (Wilson D. Burnell and Richard J. Larson, of counsel), for certain defendants-appellants and cross-appellees, Merritt E. Cagwin, d/b/a M. E. Cagwin Trucking Co., and Orrin Sheer.

Sears, Streit, Dreyer & Foote, of Aurora (John E. Dreyer, of counsel), for defendant-cross-appellee, John W. Popenhagen. Reid, Ochsenschlager, Murphy & Hupp, of Aurora (William C. Murphy, Lambert M. Ochsenschlager and Gilbert X. Drendel, of counsel), for plaintiffs-appellees and cross-appellants, Phillip Thomas, Administrator of the Estate of Dorothy Thomas, Deceased and Lawrence A. Chidester, Administrator of the Estates of Kim Chidester, Robin Chidester and Richard Chidester, Jr., deceased.

McNEAL, P. J.

This appeal involves a motor vehicle collision in which seven persons were killed. The several death actions were consolidated for trial by jury, verdicts were returned for the plaintiffs, judgments were entered thereon, and this appeal followed.

The collision occurred at about 5:45 p. m. on November 11, 1960, south of Elburn in Kane County, on a curve on route 47, an 18-foot concrete highway running in a general north and south direction. It was dark, the weather clear and the pavement dry.

The defendant, Orrin Sheer, was driving a tractor-trailer unit owned by the defendant, Merritt E. Cagwin, in a southerly direction and was following another truck. The defendant, John W. Popenhagen, was driving a motor vehicle in a northerly direction and was being followed by a vehicle in which the decedents were riding. The latter vehicle was driven by Richard Chidester, aged 29. Riding with him were Dorothy Thomas, aged 45, and Chidester's wife, Evelyn, aged 25, and four children, Richard Chidester Jr., aged 8, Robin Chidester, 3, Kim Chidester, 2, and Ramona Chandler, 6. Ramona was Mrs. Chidester's child by another marriage.

There was a dispute in the evidence as to the speed of the various vehicles and as to the distance between Sheer's truck and the one preceding him. The Sheer truck and the Popenhagen vehicle collided, the point of contact being the left front of the Popenhagen vehicle and the left dual wheels of the tractor operated by the defendant Sheer. Sheer testified that the Popenhagen vehicle came 14 or 15 inches across the center line. Popenhagen testified that the tractor-trailer unit operated by Sheer came 2 or 2½ feet over the center line. The collision caused the left front tire of the Popenhagen vehicle to blow out and the left wheel was jammed and buckled back under the

338

undercarriage. Following the collision, the Popenhagen vehicle went across the highway in an arc to the west and came to rest in a ditch on the west side of the highway, the left front wheel leaving a continuous mark on the highway and on the shoulder running from the center of the northbound lane to the point where the vehicle came to rest in the ditch.

The tractor-trailer unit operated by Sheer went out of control, struck the Chidester vehicle, which was entirely on its own side of the highway, and ended up on its side farther south on the highway. All of the occupants of the Chidester vehicle were killed.

Three police officers arrived at the scene shortly after the collision and rendered assistance and observed the locations of the various vehicles. Two of them returned the following morning and made observations and measurements with reference to the tire mark running from the center of the northbound lane to the point where the Popenhagen vehicle came to rest, and the third officer made similar observations the following day.

With reference to the decedents, Dorothy Thomas left as her next of kin her husband, Albert, aged 44, and her children, Phillip, aged 23, Frank, 22, Arlene, 13, Janet, 11, and Clarence, 9, the latter three residing at home. Richard, Evelyn, Kim, Robin and Richard Chidester left as their sole next of kin, Thomas Chidester, aged 11 months. Ramona Chandler left as her next of kin Thomas Chidester and her father, Gerald Chandler.

The jury found the defendant Popenhagen not guilty, but returned verdicts against the defendants Sheer and Cagwin on account of the several deaths in the following amounts: Dorothy Thomas, $30,000; Richard Chidester, $20,000; Evelyn Chidester, $10,000; Kim Chidester, $1250; Robin Chidester, $1250; Richard Chidester, $1250; and Ramona Chandler, $1250. Judg-

ments were entered upon the verdicts and the defendants Sheer and Cagwin have appealed. During the pendency of this appeal the judgments entered for the deaths of Richard and Evelyn Chidester and Ramona Chandler have been paid, so that we are concerned here only with the judgments entered for the other deaths.

The defendants claim that the circuit judge erred in his rulings with respect to the evidence and in his instructions to the jury. They also claim that the verdicts are excessive.

■ First, it is claimed that the trial judge erred in permitting one of the officers to testify that in his opinion the point of impact was in the northbound lane. This officer had investigated hundreds of accidents over a period of more than thirteen years. He was the first officer on the scene, he observed the position of the vehicles, and thereafter he observed and measured the continuous mark made by the left front tire of the Popenhagen vehicle running from the center of the northbound lane to the point where the Popenhagen vehicle came to rest in a ditch on the west side of the road. Although this type of evidence should be admitted with caution, we believe that its admissibility rests within the sound discretion of the trial judge and in this case we cannot say that the trial judge abused his discretion. A large number of decisions on this point are discussed in 66 ALR2d 1048, et seq., and while there is a conflict in the decisions, the article states, page 1050:

> ". . . there is strong, and apparently growing authority holding or recognizing that skilled or expert opinion evidence is admissible upon the question."

■ ■ Secondly it is claimed that the trial court erred in instructing the jury that it should find one or the other, or both, of the defendants guilty, and

340

that the jury could not find both defendants not guilty. On this point it should be noted that the defendants expressly admitted that all of the decedents were in the exercise of due care. Further, no one contended and there was no evidence that the collision was caused by anything other than negligence. Either one or the other, or both, of the defendants crossed the center line. Counsel for the defense were fully cognizant of the situation because, during the discussion of this particular instruction, one of them stated: "I agree . . . that one of these defendants is negligent, and I assume from the facts of this accident that obviously one of these defendants was over the line." While it is true that negligence is ordinarily a question of fact for the jury, yet it is also true that sometimes the evidence justifies a directed verdict for the defendant and sometimes the evidence justifies a directed verdict for the plaintiff. In either instance the trial court has the right and duty to direct a verdict. In the case at bar all of the evidence and all inferences which can reasonably be drawn from the evidence point to the fact that one or the other, or both, defendants were negligent. The sole question before the jury was whether one or both defendants were liable and, if one, which one. Directed verdicts for the plaintiff were affirmed in Kocour v. Mills, 23 Ill App2d 305, 162 NE2d 497, and Tomlinson v. Chapman, 24 Ill App2d 192, 164 NE2d 240. In Krump v. Highlander Ice Cream Co., 30 Ill App2d 103, 106, 173 NE2d 822, two vehicles collided and damaged plaintiff's building. In reversing a directed verdict for defendants, the Court stated:

> "The only question for the jury to decide is which one of the defendants is guilty, or all, and the amount of the damages."

The same statement appears in Turner v. Cummings, 319 Ill App 225, 228, 48 NE2d 225, where a passenger riding on a bus was injured when the bus collided

with a truck. Likewise in Pearlman v. W. O. King Lumber Co., 302 Ill App 190, 195, 23 NE2d 826, where plaintiffs' parked vehicles were damaged as a result of a collision between a car and a truck, the Court said:

> "There is no defense in this case. Either one or both of the defendants are guilty. The only question for the jury to decide is which one of the defendants is guilty, or both, and the amount of their damages."

██ ██ Thirdly, it is urged that the verdict of $30,000 returned for the death of Dorothy Thomas is excessive. The assessment of damages is pre-eminently a jury function. Tomlinson v. Chapman, 24 Ill App2d 192, 197, 164 NE2d 240; Murphy v. Lindahl, 24 Ill App2d 461, 472, 165 NE2d 340. There was no dispute in the evidence concerning the damages incurred by reason of the death of Dorothy Thomas. She had been married 27 years and left a husband and five children, two of them adults and three minors living at home. Mrs. Thomas had worked as a farm wife during her entire married life, milking cows, feeding sows and pigs, taking care of chickens, gardening, canning and baking. She was in good health, neat, a hard worker, a good cook, and kept the farm records for her husband, and she was a good mother to her children, teaching them to cook and to help with the work around the farm. The jury returned a verdict for the maximum amount allowed by the law, but we believe that the undisputed evidence in the record supports the verdict. In Hatcher v. New York Cent. R. Co., 25 Ill App2d 193, 166 NE2d 110, a verdict of $25,000 for the death of a married woman with four children was affirmed. In 1934 a verdict for the death of a married woman in the maximum amount, which was then $10,000, was held not excessive in Cohen v. Shaykin, 277 Ill App 613.

■ ■ It is also contended that the $1250 verdicts returned for the deaths of Richard, Robin and Kim Chidester are excessive. The record shows that these children were all normal, healthy, good-looking children. Richard did well at school, was cooperative, and got along well with other children. At home he helped with the dishes and other household chores, and he also helped in the care of his 11-month-old brother Thomas, the sole survivor. Robin was a healthy, bright child who was good at counting. Kim was a good, obedient child who could talk well and who was interested in books. The trial judge instructed the jurors that before they could allow more than nominal damages where the sole next of kin is a brother, it must appear that the brother received pecuniary assistance or services having a pecuniary value from the decedent, or that the brother had a reasonable expectation of receiving such assistance or services. The subject is not covered in Illinois Pattern Jury Instructions, but the above seems to be a fair statement of the law which adequately protected the rights of the defendants. The relatively small verdicts returned for the deaths of these children indicate that the jurors were not acting on the basis of any passion or prejudice. It is quite common in a large family for the older children to help care for the many and varied wants of the younger children, who require constant care and attention. In the case at bar, Richard helped in the care of his small brother, Thomas, and the jurors could have reasonably concluded that he and the other children would have been of considerable assistance to Thomas, particularly in view of the loss of both of the parents. See Hall v. Gillins, 13 Ill2d 26, 31, 147 NE2d 352; and Whitney v. Chicago Rys. Co., 185 Ill App2d 211, for meaning of "pecuniary injuries" and factors to be considered in determining whether surviving brothers or sisters are entitled to more than nominal damages.

We have considered other errors urged but do not deem them sufficient to require a reversal. In view of the foregoing it is our conclusion that the judgments entered by the Circuit Court of Kane County were correct, and that said judgments should be and they hereby are affirmed.

Judgments affirmed.

DOVE and SMITH, JJ., concur.