(No. 39324.—

Mary Jane Miller, Admx., Appellee, *vs.* The Pillsbury Company *et al.,* Appellants.

*Opinion filed November 19, 1965.*

Robert P. Shonkwiler, of Monticello, and Webber, Webber & Welsh, of Decatur, (Richard J. Welsh, of counsel,) for appellants.

Greanias & Owen, of Decatur, for appellee.

Mr. Justice Hershey delivered the opinion of the court:

Defendants, The Pillsbury Company and Mack Pargin, its employee truck driver, have appealed from two judg-

ments entered in the circuit court of Moultrie County and affirmed by the appellate court. Judgment was entered on jury verdict against both defendants for $30,000 in a wrongful death action and on jury verdict against defendant-counterplaintiff, Pillsbury Company, on a counterclaim for cargo loss in the claimed amount of $6666.19.

This action arises out of a vehicular collision in which three trucks were involved. One semi-trailer stock truck driven by plaintiff's intestate, Paul Richard Miller, was traveling in an easterly direction on U.S. Route 36 about three miles west of Atwood, Illinois, at 2:30 A.M. on September 22, 1962. Three tractor semi-trailers owned by the Pillsbury Company were traveling in a westerly direction. The stock truck collided with the second Pillsbury semi-trailer, driven by defendant, Mack Pargin, and with the third Pillsbury semi-trailer, driven by Franklin Gale Bowen. Miller and Bowen were both killed in the accident. A sideswipe occurred between Miller's truck and the second Pillsbury truck as they passed in opposite directions, causing Miller's truck to career down the road and into the path of the third Pillsbury truck. Miller's administratrix sued for wrongful death and Pillsbury counterclaimed for cargo damaged in the second Pillsbury truck.

There were no eyewitnesses qualified to testify, so that the facts of the collisions had to be inferred from the circumstances. The principal question was as to which driver was over the center line of the highway when the collision occurred between Miller's truck and the second Pillsbury truck driven by Pargin. Testimony on this point rested almost entirely upon the testimony of an accident reconstruction expert, J. Stannard Baker, a traffic engineer expert employed by the Traffic Institute of Northwestern University.

Appellants contend errors occurred in the trial court in admitting in evidence photographs of the wrecked vehicles taken a month after the accident without proper foundation proof, in the admitting of the opinion of the

expert witness, in finding his testimony credible and they also contend that there was no evidence of due care by plaintiff's intestate.

While there has been a reluctance to permit expert testimony on many matters on the basis that it invades the province of the jury, confuses the issues and usurps the function of the jury, the trend is to permit expert testimony in matters which are complicated and outside the knowledge or understanding of the average person, and even as to matters of common knowledge and understanding where difficult of comprehension and explanation. The jury still may accept or reject such testimony. Thus, in the field of reconstruction of motor vehicle accidents, where there is physical evidence present sufficient to provide the basic data needed, an expert may analyze and reconstruct the occurrence.

In *Thomas* v. *Cagwin*, 43 Ill. App. 2d 336, a witness (a police officer) was permitted to give his opinion as to the location of the point of impact. Upon objection, the court held that this was an area for the admission of skilled or expert opinion and its admissibility within the sound discretion of the court.

In *Ficht* v. *Niedert Motor Service, Inc.* 34 Ill. App. 2d 360, testimony tracing movements of a truck trailer around a curve by the same expert as used here was denied admittance on the ground that it invaded the province of the jury.

While there is a conflict in authority among American courts on this matter, we are of the opinion that expert testimony on reconstruction of an automobile accident should be admissible where it is necessary to rely on knowledge and application of principles of physics, engineering and other sciences beyond the ken of the average juror. Such evidence does not usurp the province of the jury, since the jury does not have to accept the witness's opinion. Further, such evidence is essential to aid the jury in draw-

ing the proper inferences from the raw physical facts. See 66 A.L.R. 2d 1048 and supplements.

Defendants did not object to the expert's testimony on the basis of lack of his qualifications. He was a trained and experienced investigator and teacher of courses in the field of accident reconstruction. Appellants attack the testimony of the expert on the grounds that he relied upon photographs erroneously admitted into evidence and that his opinion testimony was incredible, being impossible of belief.

The photographs objected to were of parts of the vehicles involved. Some of these were taken by witness Baker personally and identified by him. Baker testified that the damage was to the strong parts of the vehicles. He further testified that in his opinion the damage shown in the photographs was caused only by the collision. Many of the photographs were not objected to, but were admitted without question. The witness, Baker, apparently was testifying both from his personal observation and the photographs.

As was pointed out by the appellate court, it would have been ideal if the picture taking and the expert's examination could have been at the scene immediately following the accident. However, the question is whether the truck when photographed was in substantially the same condition as it was following the collision. The evidence that the removal from the scene of the accident did not inflict damage and that the photograph accurately portrayed the damage prior to such removal was sufficient to make the pictures admissible. Hence, the photographs were proper subjects to be used by the expert in his reconstruction testimony.

Appellants have devoted a major portion of their brief to the contention that the testimony of the expert in reconstruction of the collision is incredible and contrary to the laws of science and is impossible. They have placed in their brief pictures of toy trucks on a table. The pictures are dramatic but they fail to convince this court of their accuracy

in portrayal either of the collision or in demonstrating the lack of credibility of the expert's testimony. These pictures completely ignore the angle of the vehicles at the time of impact.

The initial impact of the collision appears to have been between the left front wheel of plaintiff's tractor and the left drive wheel of the Pillsbury tractor. The force caused the left front wheel of plaintiff's tractor to be pulled off the hub, pushed under and driven back against the saddle tank and caused the axle to break. The force of the initial impact caused both vehicles to turn to their left and to slam the two vehicles together. This manner of the collision caused the road marks disclosed by the pictures.

The road marks also appear to show the location of the vehicles at the time of collision. They disclose that the Pargin vehicle must have been on the wrong side of the road when the collision occurred. The testimony of driver Pargin, which was limited to the counterclaim only, corroborates that the marks were made as described by the expert.

We have considered all of the arguments advanced by appellants, their attempted reconstruction of the accident which they contend discredits the expert's testimony, and have carefully reviewed the record. We can but conclude that the expert's testimony does not transcend the bounds of reason, nor does it conflict with the laws of science or the common experiences of men. Thus, the appellate and trial courts did not err in holding it admissible for such credence as the jury determined to accord it.

Defendant's final contention is that the judgments must be reversed since there was no evidence that plaintiff's intestate was in the exercise of due care and caution at the time of the collision. We note, however, that there was testimony by the driver of the first Pillsbury truck that after the deceased's truck passed him he continued to watch it in his rear view mirror and that it appeared to be on its side of

the highway proceeding normally at a reasonable rate of speed just prior to the collision. This testimony, coupled with the circumstantial evidence of the physical facts and the expert's testimony, presented sufficient proof of due care of plaintiff's intestate to support the jury verdicts:

We find no error in the finding of the appellate court that there was sufficient evidence to sustain the judgments appealed from and accordingly they should be affirmed.

*Judgments affirmed.*