**LeRoy Diefenbach and Norma Diefenbach, Plaintiffs-Appellees, v. Eva Pickett, Defendant-Appellant.**

Gen. No. 68–106.

Fifth District.

June 13, 1969.

Stringer and Carlisle, of Mt. Vernon, for appellant.

Harris, Holbrook & Lambert, of Marion, and Hanagan & Dousman, of Mt. Vernon, for appellees.

EBERSPACHER, J.

This is an appeal from judgments entered on the verdicts in a personal injury action resulting from a collision of automobiles in which that occupied by plaintiffs was struck by defendant's vehicle, while the vehicle occupied by plaintiffs was in its proper lane of traffic.

At approximately midday plaintiffs in their station wagon were proceeding South in their right-hand west lane, on a straight stretch of Route 37 at a point South

of Mt. Vernon, and according to their testimony, at a speed of 35 to 45 miles per hour where the posted speed limit was 50 miles per hour. At the same time, defendant was proceeding north in the east lane at approximately the same speed. She was the sole occupant of her automobile and had driven over the road many times and knew of the location of a service station on the east side of the highway. According to her testimony, as she approached the driveway to the filling station, a car driven by Harry Olson in which his wife was a passenger, pulled into the east lane of the highway and stopped. Both the Olsons and both plaintiffs testified that the Olson car was stopped two to four feet east of the east edge of the road. At some point as defendant approached the Olson car, she applied her brakes, causing the rear of her car to skid. Defendant's right rear corner skidded into the left front side of the Olson car, and proceeded diagonally across the east half of the pavement into the west half, and struck the front of plaintiffs' southbound station wagon.

The Olsons were not parties to the suit, and no cross-complaint was filed. The jury found in favor of plaintiffs and assessed the damages of plaintiff LeRoy Diefenbach at $2,283, and those of plaintiff Norma Diefenbach at $6,500.

▆ Defendant has appealed praying for reversal, or in the alternative reversal and remandment for a new trial. Defendant first contends that a finding of negligence on the part of defendant is against the manifest weight of the evidence. She argues that skidding in itself unattended by prior negligence from which skidding proximately results is not negligence, citing Piggott v. Newman, 338 Ill App 198, 86 NE2d 670. (Abst opinion.) Defendant has not seen fit to present us with a copy of that opinion, and it has not been cited by an Illinois Court. The argument obviously neglects to consider that the jury might have considered the application of the

brakes which commenced the skid, a negligent act; one that was not justified by the situation which presented itself. The jury may have believed the witnesses who testified the Olson car was stopped off the highway, rather than her witnesses with reference to the position of the Olson car, both before and after the collision. This is particularly true when as is stated in defendant's brief, "the defendant and her husband and brother and mother left much to be desired in the way of . . . candor."

In the case of Calvetti v. Seipp, 37 Ill2d 596, 227 NE2d 758, at 760, the Supreme Court of Illinois held:

> "It is undisputed that the collision occurred on the plaintiff's side of the road, and no affirmative showing was made by defendant that the skid into the opposite lane in front of the plaintiff's car happened without negligence on her part. She made no effort to show that she was not driving too fast for road and weather conditions, or that some unavoidable event caused her to lose control. The fact that her car skidded in front of the one in which plaintiff was riding must be deemed to have arisen from some negligent act or omission, in the absence of explanation to the contrary. Sughero v. Jewel Tea Co., 66 Ill App2d 353, 214 NE2d 512; Tomlison v. Chapman, 24 Ill App2d 192, 164 NE2d 240; Murphy v. Kumler, 344 Ill App 287, 100 NE2d 660."

Here the jury, although defendant made an effort to show she was not driving too fast for road and weather conditions, and that Olsons' presence was the unavoidable event that caused her to lose control, did not accept that explanation. Under the circumstances here present, the unacceptable explanation is the equivalent of the absence of explanation, and the fact that her car skidded

in front of plaintiffs' must be deemed to have arisen from some negligent act or omission on her part.

■ ■ In his closing argument, defendant's counsel, in commenting on evidence that defendant had pled guilty to a traffic charge of improper lane usage, said:

> "Now as far as the guilty plea is concerned, the officer gave her a ticket. She went in—the Judge told her the fine would be $15.00, so what does she do? Hire a lawyer for $150.00 to defend her (objection made but not ruled upon). She pays the fine and pled guilty."

In his closing argument plaintiffs' counsel responded:

> "Mr. Stringer says she signed a plea of guilty to save what he termed $150.00 attorney's fees. This —I would like to point out, that she admitted it was a plea of guilty. Is he saying his own client would perjure herself for $150.00? If that is what he is saying, he is impeaching his own client. He is saying that she would perjure herself for $150.00—."

At this point objection was made and sustained; no further comment concerning the matter was made. Defendant contends the response was inflammatory and reversible error, citing the last paragraph of ILP, Trial, § 92: "However, it is improper for counsel in his argument to make statements not sustained by the facts, reflecting on the character, credibility, or conduct of the opposite party, or of a witness." Plaintiff cites the first paragraph of the same section: "Counsel in his argument to the jury may, within reasonable limits comment on those who give the evidence, the range of such comment being necessarily in the discretion of the trial court. Thus where the evidence or reasonable inferences therefrom sustain his statements, counsel may comment and reflect

on the character, conduct, or credibility of a party . . . or of witnesses." The court properly exercised his discretion by sustaining defendant's objection, although some comment was justified by her counsel's insinuation that she would enter a false plea to save an attorney's fee of $150. Under such circumstances we cannot say that reversible error was committed.

■ A corporal of the Illinois State Police, who had investigated approximately 900 automobile collisions, testified over objection that it was his opinion based upon the location of the vehicles before they had been moved and the location of debris, the collision between the Pickett and Olson vehicles occurred approximately 3 feet east of the pavement, and that the collision between the Pickett and Diefenbach vehicles occurred in the southbound lane of traffic. Defendant contends that the evidence was inadmissible, because it required no special knowledge, but was within the knowledge of all persons of common education and experience, and the jury could have drawn its own conclusions from the simple facts; that such expert evidence put undue emphasis on defendant being at fault. Admissibility under the circumstances here presented, rested within the sound discretion of the trial judge, and was not abused. Thomas v. Cawgin, 43 Ill App2d 336, 340, 193 NE2d 233, 235, and citations therein.

■ Defendant next contends that the verdict should be set aside and a new trial granted because it is not sustained by sufficient evidence or is contrary to the weight or preponderance of the evidence. She suggests that if defendant was negligent with reference to speed on the wet highway, then plaintiffs were guilty of contributory negligence, because both vehicles were traveling at approximately the same speed; that skidding was not negligence and was caused by no negligent act. What we have said with reference to defendant's first contention is here applicable. These matters were all properly

submitted to the jury without direction. The mere fact that the evidence is conflicting does not constitute ground for setting aside the verdict and granting a new trial. We find no evidentiary situation which would require a new trial, and no lack of proof on part of plaintiffs.

Lastly, defendant contends that the verdicts are so excessive that passion or prejudice is indicated. Plaintiff LeRoy Diefenbach proved $270 as special damages, including $130 loss of wages, his verdict was for $2,283. He sustained back and chest injuries, which resulted in his having to wear a rib belt for one and one-half months, losing work for one week and enduring pain in his back over a two-year period. His treating physician confirmed that over a long period of time, he had limitation of motion in his back, that he complained of numbness in his foot and leg and that his complaints referable to his low back and leg were due to irritation of the nerve roots in the low back and were consistent with his complaints of tenderness in the low back. Further, the doctor testified that his back could quite possibly be more vulnerable to future injury than that of a person who had not sustained such injury. On cross-examination he testified that LeRoy Diefenbach had apparently made a full recovery from injuries suffered in the collision.

Plaintiff Norma Diefenbach, who was awarded $6,500, suffered injuries to her chest and knees and a cut on her chin. Her doctor testified that she had a permanent atrophy of her right leg, both above and below the knee, to the extent of one-half inch, and that she had a permanent one inch scar on her chin. She testified that 3 years after the accident her knee still gave her pain when she worked at her household duties, and although the pain was described as being objective, the doctor described a tenderness in the knee at that time. She testified that her right foot had become smaller than her left since the injury. Her proven medical expenses were $74.

87

Defendant suggests that the lawsuit became a beauty and personality contest. If the jury was affected by personal appearances or candor of the parties, it would only have been proper and appropriate, since the consideration of the facial disfigurement and the extent of atrophy, as well as the pain suffered by plaintiffs and the permanency of their injuries were important issues for their evaluation. The amount of damages, particularly with reference to personal injury is within the broad discretion of the jury, and we cannot say that it was abused in this case. Kahn v. James Burton Co., 5 Ill2d 614, 623, 126 NE2d 826, 841; Dallas v. Granite City Steel Co., 64 Ill App2d 409, 427, 211 NE2d 907, 915. Pain and suffering, permanent injuries and disfigurements are compensable without any proof of special damages.

We therefore affirm the judgments of the Circuit Court of Jefferson County.

Judgments affirmed.

GOLDENHERSH and MORAN, JJ., concur.