GEORGE GEISBERGER, Plaintiff-Appellant, *v.* STEVEN QUINCY, Defendant-Appellee.

(No. 71-87; ▮▮▮▮▮▮▮▮

Second District—February 1, 1972.

438

Gilbert & Powers, of Rockford, for appellant.

Knight & Knight, of Rockford, (William D. Knight, Jr.,) for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

Trial of plaintiff's action for money damages for injuries allegedly sustained in an auto accident resulted in a judgment entered on a jury verdict in favor of defendant. In this appeal, plaintiff contends that improprieties of opposing counsel deprived him of a fair trial in view of a strong conflict in crucial facts and the closeness of the case. It is plaintiff's further contention that the trial court erred in admitting opinion testimony of a

police officer amounting to a reconstruction of the accident and in permitting a defense witness to testify although his name had not been furnished in answer to discovery interrogatories.

The accident occurred in Rockford, Illinois, On July 22, 1969, about 7:05 A.M. at the intersection of Dawson and Crosby Streets as plaintiff was driving northward on Dawson and defendant was driving westward on Crosby. No signals or signs for controlling traffic were located at or near the intersection.

Plaintiff and defendant, the only eye witnesses to the collision, testified to contradictory descriptions of an original impact and the resulting movements and second impact of their respective vehicles. Plaintiff testified that the front bumper of his car was four or five feet north of the intersection when defendant's auto struck it in the right front swinging it counterclockwise. Defendant testified that the first impact occurred within the intersection where the left front of his vehicle struck the right front of plaintiff's car. Defendant further stated that the left rear of his vehicle then struck the right rear of plaintiff's car which then careened into a telephone pole and bounced backward.

■■ Where evidence is conflicting, it is the peculiar province of the jury to determine which set of facts is correct. The conflict here, however, bears upon the central issue of negligence, and we agree with plaintiff that the case is factually close. As there was evidence in the record to support a verdict for either party, it was important, as stated in *Bulleri v. Chicago Transit Authority* (1963), 41 Ill.App.2d 95 at 100, 190 N.E.2d 476, that "the jury not be influenced by any improper conduct by counsel so prejudicial as to deprive either party of a fair trial." With this view, we consider a series of improprieties complained of.

■■ In his opening statement, defendant's counsel said Crosby (the street upon which defendant had been driving) was a "major thoroughfare." There was no such evidence in the record, nor could there have been, as the absence of traffic control signals and signs at the intersection indicated neither street was preferred. Defendant, moreover, testified that he did not believe he was on a major thoroughfare. In oral argument to this Court, counsel explained that he resides in the area, it is his experience Crosby is more frequently used than other nearby streets, and therefore it is correctly described as a "major thoroughfare." The explanation is unsatisfactory, and the description to the jury was misleading. Remarks in opening statements not supported by admissible evidence were considered prejudicial in *Gillson v. G. M. & O. R. R. Co.* (1969), 42 Ill.2d 193, 246 N.E.2d 269 and *Colmar v. Greater Niles Twp. Pub. Corp.* (1957), 13 Ill.App.2d 267, 141 N.E.2d 652. Defendant's authorities, where unsupported remarks were held not prejudicial are distinguishable and in-

clude cases where other evidence removed the prejudicial effect, (*McCormick v. Kopmann* (1959), 23 Ill.App.2d 189 at 208, 161 N.E.2d 720), where defendant's own testimony showed he was guilty of the crime charged or a graver one, (*People v. Storer* (1928), 329 Ill. 536 at 542, 161 N.E. 65), and where there was no persistent misconduct and it was inconceivable how a different result might be expected in event of another trial, *Styburski v. Riverview Park Co.* (1938), 298 Ill.App. 1 at 15 and 16, 18 N.E.2d 92.

■■■ Plaintiff claims prejudicial error in defense counsel's continued effort to introduce immaterial evidence requiring plaintiff to make numerous objections. The effort centered upon repeated questioning of plaintiff over sustained objections, concerning sums paid by his employers, such as "Did you lose any money from Milton College with respect to your summer terms (teaching) contract as a result of this accident?" Evidence that a litigant has received payment while disabled by an accident, such as disability insurance or gratuitous payment by his employer is not admissible in a civil suit for damages, (*Wolfe v. Whipple* (1969), 112 Ill. App.2d 255, 266, 251 N.E.2d 72; *Mineiko v. Rizzuto* (1965), 65 Ill.App.2d 35 at 38, 212 N.E.2d 712; and *Hoobler v. Voelpel* (1927), 246 Ill.App. 69 at 78 and 79). If defense counsel's intention in pursuing such clearly inadmissible evidence in the face of repeated rulings and admonitions of the trial judge may be measured by his persistence, it appears obvious prejudice against plaintiff was intended. This technique has been held on many occasions to be error, because as stated in *Osborne v. Leonard* (1968), 99 Ill.App.2d 391 at 397, 240 N.E.2d 769, the continued effort to introduce immaterial evidence requiring opponent to make innumerable objections creates in the juror's mind an impression that an objecting party is attempting to conceal evidence. (See also *Owen v. Willet Truck Leasing Corp.* (1965), 61 Ill.App.2d 395, 403, 209 N.E.2d 868). We consider defendant's argument that there was no effort of any kind to introduce immaterial evidence incorrect, and note that *Chicago City Ry. Co. v. Creech* (1904), 207 Ill. 400, 69 N.E. 919, which he cites as authority for a right to full cross examination, remarks at page 403 that cross examination on both sides was substantially in compliance with correct rules of evidence.

■■■ Defense counsel asked plaintiff whether he'd suffered any bodily injuries in any prior accident, and then asked: "Have you ever been convicted of a felony?" No proof was made or offered and it seems there is none. Upon oral argument before this Court, defense counsel explained that he asked the question at the direction of his co-counsel, didn't think it was improper, and was simply pursuing cross-examination. We consider it an extreme illustration justifying the strong criticism recognized in

*Townsend v. Chicago Transit Authority* (1953), 1 Ill.App.2d 77, 116 N.E.2d 170 of the practice of laying a foundation for impeachment and then failing to follow up by proof. As stated in *Gordon v. Checker Taxi Co.* (1938), 334 Ill.App. 313, at 318 and 319, 79 N.E.2d 632 innuendoes and prejudice created by such questions cannot always be overcome, and approval of such questions affecting credibility, under the guise and pretense of laying a foundation for impeachment could defeat many meritorious causes without proof made or offered. (See also *Morse v. Michaelson, Rabig and Ramp* (1968), 101 Ill.App.2d 366, 243 N.E.2d 271.) Nothing surrounding the asking of this question indicates to us that it was put in good faith.

■■ Plaintiff complains of inquiry about prior injuries not offered to be proven, not related to those in issue and developed by questions as: "In November, 1959, in Boone County in the Village of Garden Prairie, did you suffer any back injuries in connection with an accident involving a pedestrian, Mrs. Flua A. Heister, age sixty-one?" *Marut v. Costello* (1965), 34 Ill.2d 125, 214 N.E.2d 768, affg. 53 Ill.App.2d 340, 202 N.E.2d 853 held that cross examination on a prior accidental injury without any connection shown to present injury constituted reversible error.

Plaintiff specifies two additional areas of improper questioning: eliciting detailed testimony from defendant concerning fulfillment of his military obligation and a newsboy's testimony concerning seeing plaintiff's car and hearing the sound of screeching tires which the witness could not link to any particular car and which might have been made by any number of unidentified cars in the area. These matters, it is claimed, were irrelevant and prejudicial.

■■ We need not rule upon or further dissect each verse of this litany, as the cumulative effect of error and improper conduct of counsel may amount to prejudicial error requiring reversal. (*Underwood v. Pennsylvania R.R. Co.*, 34 Ill.2d 367, 215 N.E.2d 236, revg. 62 Ill.App.2d 134, 210 N.E.2d 347.) So viewed, we think it is obvious plaintiff was prejudiced and entitled to a new trial, as it cannot be measured whether the jury might have returned a different verdict had these matters not intervened.

■■ Plaintiff claims it was error to allow an expert witness to reconstruct the accident when it was a matter of common observation by eyewitnesses, relying on *Ficht v. Niedert Motor Service, Inc.* (1962), 34 Ill. App.2d 360, 181 N.E.2d 386, which approved excluding of the testimony of an expert witness on the ground his testimony, contradictory to that of eyewitnesses, would tend to confuse the issues, invade the province of the jury, and make arrival at a just verdict more difficult.

In the instant case a Rockford police officer testified he determined the point of impact from the center of the debris in the street, and that

based on damage to the vehicles, he "figured it was safe to assume that after they collided in the intersection, that they slid off, and the rear ends came together."

Two appellate court decisions hold that it is within the discretion of the trial court to allow a qualified investigating officer to express an opinion as to the place of impact. *Diefenbach v. Pickett* (1969), 111 Ill.App.2d 80, 248 N.E.2d 840 and *Thomas v. Cagwin* (1963), 43 Ill.App.2d 336, 193 N. E.2d 233, all occupants of one vehicle being killed in the *Thomas* case. We find no authority that an officer may express an "assumption" as to which ends of the involved vehicles came together. This testimony must be excluded in a new trial as mere speculation rather than expert opinion based on scientific principles. Moreover, in this case we believe the officer's opinion as to the place of impact should be excluded. His testimony as to factual findings upon arrival at the scene as to the location of debris and the vehicles as well as any other factual observations, will better serve the purpose of arriving at a just verdict than will his expression of opinion. No recent decisions of the Supreme Court of which we are aware have decided whether an officer may express his opinion as to the place of impact, but in *Miller v. Pillsbury Co.* (1965), 33 Ill.2d 514, 211 N.E.2d 733 a death case where there were no eyewitnesses to the accident, the court in discussing conflicting views on expert testimony, said it should be admissible where necessary and that the trend is to permit it in complicated matters outside the knowledge and understanding of the average person. The officer's testimony in question here would not meet that standard. Moreover, in *Plank v. Holman* (1970), 46 Ill.2d 465, 264 N.E.2d 12 which reversed a decision of this court (108 Ill.App.2d 216, 246 N.E.2d 693 (1970)) seeking to follow the *Miller* opinion, the Supreme Court at 470 said:

"* * * 'We are of the opinion that expert testimony on reconstruction of an automobile accident should be admissible where it is necessary to rely on knowledge and application of principles of physics, engineering and other sciences beyond the ken of the average juror.' However, reconstruction testimony may not be used as a substitute for eyewitness testimony where such is available. Whether it may be used in addition to eyewitness testimony is determined by whether it is necessary to rely on knowledge and application of principles of science beyond the ken of the average juror * * *."

■■ Finally, we believe the trial court erred in allowing Stephen Scudder to testify over objection that his name had not been furnished in answer to discovery interrogatories, as he testified preliminarily outside the presence of the jury that defendant and his uncle talked with him and took his name and address the day after the accident. Exclusion of

a witness is an appropriate sanction where necessary to enforce good faith compliance with discovery rules, but the witness will, of course not be excluded from testifying in a new trial as he is now known to plaintiff. This situation was distinguishable from *Granger v. Turley* (1959), 20 Ill. App.2d 488, 156 N.E.2d 610 where there was no showing of bad faith or intentional concealment.

Reversed and remanded.

MORAN, P. J., and ABRAHAMSON J., concur.