HERMAN DAUKSCH, Plaintiff and Counterdefendant-Appellant, *v.* CLAY M. CHAMNESS, Defendant and Counterplaintiff-Appellee.

(No. 72-217; ▮▮▮▮▮▮▮▮▮▮

Fifth District—May 9, 1973.

G. MORAN, J., specially concurring.

Wolff, Jones & Lawder, of Murphysboro, for appellant.

Feirich, Feirich & Green, Ltd., of Carbondale, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Plaintiff commenced an action for damages caused by the alleged negligence of the defendant in driving his automobile. The defendant counterclaimed for damages caused by the alleged negligence of the plaintiff. The jury rendered a verdict against the plaintiff on his complaint and for the defendant on his counterclaim. The court entered judgment on the verdict from which this appeal is taken. No questions are raised on the pleadings.

The plaintiff was driving his automobile on Route 127 south of Murphysboro. At this point the highway is a two-lane blacktop with a marked center line. Defendant was driving his pickup truck along an

intersecting gravel farm road. A stop sign controlled access from the farm road to Route 127. As the plaintiff's automobile approached the intersection the pickup truck drove from the farm road onto the highway and turned north toward Murphysboro. Both drivers attempted to avoid a collision but failed in their efforts. Personal injury and property damage were sustained by both parties.

There were no passengers in either vehicle and the only witnesses to testify at the trial were the plaintiff, the defendant and an Illinois State Trooper who arrived at the scene of the accident approximately 30 minutes after its occurrence to make an investigation. Plaintiff testified that he first saw defendant's pickup truck when he was approximately 300 feet north of the intersection when it was approximately one-third of the way out on the highway. It hesitated for a second and came on out on the highway. In attempting to avoid an accident he applied his brakes causing his wheels to slide. The truck was making a left turn to come north on the highway but was still in the southbound lane. The collision occurred when plaintiff's car was just a little bit over the center line and the truck was coming up the southbound lane. Approximately the rear two-thirds of the truck was in the southbound lane and in the process of turning left at the time of impact. Defendant testified that he was driving his pickup truck on a gravel road which intersected with Route 127 from the west. As he approached Route 127 he came to a stop about even with the stop sign. He looked to the north and saw no traffic coming but could not see beyond the crest of the hill. He proceeded onto the highway and headed northeast and first saw the southbound car as it crested the hill at a time when his pickup truck was at the center of Route 127. The southbound car continued its path, crossed the center line and struck his pickup truck. At the time of the impact his truck was entirely in the northbound lane.

The trooper testified that he had 16 years experience and had investigated "quite a few" accidents. After arriving at the scene he found the automobile and pickup truck but the pickup truck had been moved from the place it came to rest following the collision. He described his observation of the damage of the vehicles, oil and water on the highway and skid marks left by the automobile. Upon cross-examination he was asked whether, based upon his experience and the numerous accidents he had investigated, and the physical facts he had described, he was able to determine in which lane of traffic the point of impact had occurred. Over the plaintiff's objection that the question called for a conclusion that the witness had not shown qualification to give, the trooper testified that the impact had occurred in the northbound lane of traffic.

The issue on appeal is whether it was proper to permit the State

Trooper to give his opinion as to the point of impact of the automobiles based upon his observation of the physical facts and circumstances of the collision where there was testimony from eyewitnesses to the collision.

The first Illinois case to permit an investigating officer with experience in accident investigation to express an opinion as to the point of collision of automobiles is *Thomas v. Cagwin*, 43 Ill.App.2d 336, 193 N.E.2d 233, Second District, 1963. In permitting such testimony the court stated: "Although this type of evidence should be admitted with caution, we believe that its admissibility rests within the sound discretion of the trial judge * * *."

In *Diefenbach v. Pickett*, June 1969, 111 Ill.App.2d 80, 248 N.E.2d 840, this court followed *Thomas v. Cagwin* holding that it was proper to permit an Illinois State Policeman, who had considerable experience in investigating automobile collisions to state his opinion as to the point of collision although there was also eyewitness testimony in the case. Citing the *Thomas* case the court stated that admissibility under the circumstances presented rested within the sound discretion of the trial judge.

In his brief the counterclaimant strenuously argues that the decision in this case is controlled by *Thomas v. Cagwin* and *Diefenbach v. Pickett* and the rule announced in those cases, *i.e.*, the admission of expert accident reconstruction testimony and opinion is a matter lying within the sound discretion of the trial judge. He emphasizes the *Diefenbach* case since it is the only pronouncement of this court bearing upon the question. However, the rule has undergone considerable modification since *Thomas v. Cagwin*. We have examined numerous cases, some of which we will review to illustrate the development, changes and applications that have occurred since the embryonic pronouncement of *Thomas v. Cagwin*.

■■ In 1965 the Supreme Court decided the case of *Miller v. Pillsbury Co.*, 33 Ill.2d 514, 211 N.E.2d 733. There were no eyewitnesses to the accident involved and the question was which driver was over the center line. Testimony of an accident reconstruction expert was received in evidence. The Supreme Court held that expert testimony on reconstruction of an automobile accident should be admissible where it is necessary to rely on knowledge and application of principles of physics, engineering and other sciences beyond the ken of the average juror. They stated that such evidence does not usurp the province of the jury since the jury does not have to accept the witness' opinion. Although there was some reference to the fact that there was no eyewitness testimony the basis of the opinion was not made to rest upon its absence.

In *Deaver v. Hickox*, March 1967, 81 Ill.App.2d 79, 224 N.E.2d 468,

Fourth District, the sole basis of the appeal was the action of the trial court in admitting over objection the expression of an opinion by a State Trooper as to the speed of the vehicles prior to the collision. The court found the testimony error because the evidence demonstrated an insufficient basis from which the opinion could be stated. It appeared that the officer was basing his opinion as to speed upon the damage resulting to the vehicles.

*Abrahamson v. Levinson*, April 1969, 112 Ill.App.2d 42, 250 N.E.2d 796, First District, affirmed the refusal of a trial court to permit an expert to reconstruct an accident. The objection to the expert's testimony was made and sustained on the grounds that since there were eyewitnesses the expert's evidence was inadmissible. The trial court had based its ruling upon *Miller v. Pillsbury Co., supra* and *Ficht v. Niedert Motor Service, Inc.*, 34 Ill.App.2d 360, 181 N.E.2d 386. The Appellate Court stated that the test of admissibility or inadmissibility rests not on whether there is eyewitness testimony, but whether or not it is necessary to rely on knowledge and the application of principles of physics, engineering or other sciences which are beyond the normal ken of the average juror and further by whether or not there is sufficient undisputed physical evidence to provide the basic data needed for the application of principles of physics, engineering or other sciences. The court also listed four factors that must be demonstrated to the trial judge before expert reconstruction testimony and opinion can be received.

■■ In September 1970 the Supreme Court had another occasion to consider the matter of expert reconstruction testimony and opinion in the case of *Plank v. Holman*, 46 Ill.2d 465, 264 N.E.2d 12. It was found that under the circumstances present the plaintiff could have been considered to be an eyewitness although she did not see the entirety of the events leading to the collision. The court reiterated its statement in *Miller v. Pillsbury Co.* that "We are of the opinion that expert testimony on reconstruction of an automobile accident should be admissible where it is necessary to rely on knowledge and application of principles of physics, engineering and other sciences beyond the ken of the average juror." In clarification of the "availability of an eyewitness" aspect of the rule the court went on to say that "* * * reconstruction testimony may not be used as a substitute for eyewitness testimony where such is available. Whether it may be used in addition to eyewitness testimony is determined by whether it is necessary to rely on knowledge and application of principles of science beyond the ken of the average juror." It was noted that it could not be determined whether reconstruction testimony would be necessary until after the plaintiff eyewitness had testified.

In *McGrath v. Rohde*, 53 Ill.2d 56, 289 N.E.2d 619 the Supreme Court

reiterated the rule of *Plank v. Holman* and held reconstruction testimony to be unnecessary since the questions confronting the jury did not require a scientific knowledge beyond their ken.

In *Siltman v. Reeves*, June 1971, 131 Ill.App.2d 960, 269 N.E.2d 728, the Fourth District Appellate Court in reliance upon *Abrahamson v. Levinson* rejected the use of an opinion of a reconstruction expert if the determinative facts are otherwise established by credible physical or eyewitness evidence. The court also cited *Plank v. Holman* and *Miller v. Pillsbury Co.*

The Second District Appellate Court, from whence *Thomas v. Cagwin* emanated, has recently decided two cases in which the facts are closely related to those of the case now under consideration. (*Geisberger v. Quincy*, February 1972, 3 Ill.App.3d 437, 278 N.E.2d 404; *Payne v. Noles*, May 1972, 5 Ill.App.3d 433, 283 N.E.2d 329.) In *Geisberger* the plaintiff claimed that the trial court erred in admitting opinion testimony of a police officer amounting to a reconstruction of the accident. Plaintiff and defendant were the only eyewitnesses and they gave contradictory descriptions of the impact. A police officer was permitted to testify that he determined the point of impact from the location of the debris in the street. The plaintiff claimed it was error to allow an expert witness to reconstruct the accident when it was a matter of common observation by eyewitnesses. The court noted that two appellate decisions hold it is within the discretion of the trial court to allow a qualified investigating officer to express an opinion as to the place of impact, citing *Thomas v. Cagwin* and *Diefenbach v. Pickett*. In reversing the case for a new trial the court stated that the officer's opinion as to the place of impact should be excluded because his testimony as to factual findings as well as any other factual observations better serve the purpose of arriving at at a just verdict than would his expression of opinion. The court observed that the officer's testimony in question would not meet the standard of *Miller v. Pillsbury Co.* and *Plank v. Holman*. In *Payne* a crucial question was upon which side of the center line did a motor cycle and an automobile collide. The vehicle operators placed the point of impact in their respective lanes of traffic. The plaintiff automobile driver called as an expert witness a physicist who did not testify to the point of impact but testified to the location of the center of gravity and its effect on the motor cycle immediately prior to the collision. The court noted that they arrived at their result not because the availability of eyewitnesses precluded the use of expert testimony, but because such testimony is to be rejected unless it is necessary to aid the jury in arriving at a correct and just result, that while there may often be understandable correlations between the necessity for expert opinion and the absence or unavailability of eye-

witnesses the test of admissibility should not be obscured. The court quoted from *Plank v. Holman* and concluded that expert reconstruction testimony has no place if the determinative facts are otherwise established by credible physical or eyewitness testimony and can be used to impeach otherwise credible eyewitness testimony.

■■ Whatever discretion is now left in the trial judge, as that expression is used in *Diefenbach v. Pickett,* must be exercised within the bounds prescribed in *Plank v. Holman.* The trial judge must, for instance, determine whether expert reconstruction testimony or opinion is necessary, that in order to arrive at a just verdict the jury must be assisted by testimony regarding knowledge of physics or the sciences beyond their ordinary ken, that the proffered witness is sufficiently possessed of the requisite qualifications as an expert and that there are sufficient physical data upon which he may base his conclusions and opinions.

Counterclaimant-appellee advocates that a distinction be made between an expert witness possessed of academic and scientific knowledge who reconstructs the accident from the available physical facts and data, and an experienced investigating police officer who, upon the basis of observed physical facts such as damage to and location of vehicles, skid marks, debris, etc., merely states an opinion as to the point of impact. He contends that even though the testimony of the reconstruction expert using a scientific approach may be prohibited by some cases, the testimony of the experienced investigating police officer as to the point of impact is not based on "scientific knowledge" and is therefore permissible. While there may in fact be some difference in the qualifications and the basis for the testimony of the two types of witnesses their category as expert witnesses is the same and any difference between them would be one of degree only. The effect of their testimony on the jury is similar and there is insufficient basis for any distinction between them. Whatever the type or basis of the expert reconstruction testimony or opinion, the test of admissibility is that of necessity. *Plank v. Holman; Merchants Nat. Bank of Aurora v. Elgin J. & E. Ry. Co.,* 49 Ill.2d 118, 273 N.E.2d 809.

■■ Upon consideration of the foregoing cases and the rules expressed therein we conclude that the trial court erred in permitting the trooper to give his opinion as to the point of impact of the colliding vehicles in question. He was, of course, competent and qualified to testify to the physical facts he discovered when he arrived at the scene, such as the location of and damage to the vehicles, the location and length of the skid marks, the debris on the highway, the description of the physical surrounding in which the accident occurred, and similar matters. However, in view of the testimony of the parties and the physical circumstances surrounding the incident the jury, as the trier of fact, could form

its own conclusion as to the point of impact without the opinion of the trooper. Moreover, it is readily apparent that the trooper's opinion was not based upon any special knowledge and application of principles of physics, engineering or other sciences beyond the ken of the average juror.

■■ Having concluded that the admission of the opinion testimony of the trooper was error we must question whether it is sufficient in scope to require a reversal of the judgment. Defendant testified that the truck was all in the northbound lane and therefore the point of impact was in the northbound lane. Defendant's version of the location of the point of impact is supported by plaintiff's testimony that his brakes threw him just a little bit over the center line, as the skid marks indicated. The plaintiff testified that the damage to the truck was to the left front fender and that the rear two-thirds of the truck was in the southbound lane thus placing the front end of the truck in the northbound lane. From the evidence presented, without the opinion of the trooper, the only reasonable conclusion is that the point of impact was in the northbound lane. The trooper's opinion stated only the obvious and was merely cumulative. Here his official position could give no particular credence to his opinion since the facts that had been presented were conclusive of the question and we consider the overruling of the objection to the opinion evidence as harmless error.

Our examination of the evidence leads us to the conclusion that the verdict was not against the manifest weight of the evidence and the judgment will accordingly be affirmed.

Affirmed.

EBERSPACHER, P. J., concurs.

Mr. JUSTICE GEORGE J. MORAN specially concurring:

I agree that the judgment of the trial court should be affirmed, but I do not agree that it was error to permit the state trooper to give his opinion as to the point of impact. *Thomas v. Cagwin*, 43 Ill.App.2d 336; *Diefenbach v. Pickett*, 111 Ill.App.2d 80; *Stanley v. Board of Education of City of Chicago*, 9 Ill.App.3d 963, 293 N.E.2d 417.