Barbara J. Abramson, Plaintiff-Appellant, v. Myra Levinson, Defendant-Appellee, and
Myra Levinson, Plaintiff-Appellee, v. Barbara J. Abramson, Defendant-Appellant.

Gen. No. 52,598.

First District.

April 25, 1969.

Rehearing denied July 25, 1969.

Robert A. Sprecher and Edward W. Barrett, of Chicago, for appellant.

Cornelius J. Harrington, Jr., John M. O'Connor, Jr., of Kirkland, Ellis, Hodson, Chaffetz & Masters, and Louis G. Davidson, of Chicago (Eugene I. Pavalon, of counsel), for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

One party here was southbound, the other north, but which one? It makes a lot of difference because the southbound car jumped the Lake Shore Drive divider and hit the other. Indeed, the trial court instructed the jury that the southbound car was guilty of negligence, the northbound car free from contributory negligence and the sole question for them to decide was which car was southbound. Each party sued the other charging negli-

gence, the cases were consolidated for trial and a judgment entered on the jury's verdict in favor of Myra Levinson Grusin and against Barbara Abramson Figler for $48,000. Myra was driving a Corvair, and Barbara a Valiant. Barbara's post-trial motions for judgment n.o.v. and for a new trial were denied and she appeals, one of her points being that she was not southbound but Myra was.

In this court, she raises three issues: A. That the jury's verdict is against the manifest weight of the evidence because the physical damage to the cars indicates an inherent improbability that the Valiant was the southbound car, B. That the trial court erred in refusing to permit an expert offered on behalf of Barbara to reconstruct the accident, and C. That the court erred in permitting a doctor to express an opinion and give a reason for the loss of memory on the part of Myra Levinson Grusin. We will discuss these points in inverse order.

■■ Objection is made to the testimony of the doctor that the injuries sustained by Myra Levinson Grusin were sufficient to account for her loss of memory for a minute or two prior to and during the accident in question. She remembered driving North on Outer Drive but had no recollection of the occurrence events and recalled only waking up in the hospital. The doctor recited his qualifications without objection and the objection to his opinion was only general. For the first time in this court, the testimony is objected to for the reason that the doctor had not studied or specialized in the field of lack of mental recall resulting from injuries due to automobile collisions and was thus incompetent to testify as an expert on this subject. Appellant cites no authority for her present assertion and it is fundamental that there is nothing for this court to review when the trial court was not asked to pass on the objection now made. The issue cannot be raised for the first time on the appellate

45

level. People v. Everist, 52 Ill App2d 73, 201 NE2d 655; People v. Trefonas, 9 Ill2d 92, 136 NE2d 817; O'Keefe v. Lithocolor Press, Inc., 49 Ill App2d 123, 199 NE2d 60.

Myra testified that she was proceeding north within the speed limit, but recalls nothing about the accident and is no help in that respect. Barbara testified she was proceeding north next to the divider, saw a flash of white in front of her, saw a woman driver across the passenger's seat of the other car, had time to apply the brakes with both feet, turn the wheel to the right and was stopped at the time of impact. However, she was not able to describe the route taken by her Valiant across the Outer Drive and into the bushes to the east. Her head went through the windshield and she was badly injured. The damage to Barbara's Valiant was on the left-front—the damage to Myra's Corvair was on the right-front. The Corvair skidded along the divider to the north for a distance of some 300 to 400 feet and caught fire.

Ann Parker testified that she was proceeding south on Outer Drive in the 3rd lane from the west and that a gray-colored car approached her from the rear, bumped her, went over the divider and over into the bushes on the east side of Outer Drive. It was her opinion that the car in the bushes was the one she saw in her rearview mirror and was the one that struck her. She did not see the accident nor the actual contact between the two automobiles. A police officer was making an arrest, heard a thud, glanced up and saw a car going in a southeasterly direction and jump the divider. His original police report said that the car which jumped the divider hit the northbound car on the left side. He now changes his testimony in the trial of the case, but states unequivocally that it was the Valiant that jumped the divider and as a basis for such statement described the rear end of the Valiant and its lights in detail and as

distinctive. He was subjected to a considerable cross-examination and asked to explain how the Valiant could have been struck on the left side and the damage to the Corvair on the right side if the Valiant had been the one crossing the divider. He explained it by saying that the southbound vehicle must have arced in the air and would have arced depending upon whether the front or the rear wheels crossed the divider last and explained the accident in this manner.

■ Barbara offered an expert to reconstruct the accident. An objection was made to the expert's testimony and sustained on the grounds that since there were eye-witnesses to the direction in which the cars were going, that the expert's evidence was inadmissible. The trial court took the position that Miller v. Pillsbury Co., 33 Ill2d 514, 211 NE2d 733, and Ficht v. Niedert Motor Service, Inc., 34 Ill App2d 360, 181 NE2d 386, precluded reconstruction of an accident by an expert where there were eyewitnesses. In other areas the admissibility or inadmissibility of testimony by an expert does not depend upon whether there were or were not eyewitnesses. The test of its admissibility or inadmissibility rests on a determination as to whether or not it is necessary to rely on knowledge and the application of principles of physics, engineering or other sciences which are beyond the normal ken of the average juror. Its admissibility is further limited by whether or not there is sufficient undisputed physical evidence to provide the basic data needed for the application of principles of physics, engineering or science. Absent such basic and essential facts, the opinion of any expert is as much speculation, guesswork and conjecture as would be a jury's verdict based on the absence of basic and necessary facts. Neither has any probative value. Schwartz v. Peoples Gas Light & Coke Co., 35 Ill App2d 25, 181 NE2d 826. Is a reconstruction expert in a different category?

The offer of proof states that the expert would testify that the location of the two vehicles after the accident plus the damage to the two vehicles as disclosed by the pictures makes the conclusion imperative and necessary that the Valiant was, prior to the accident, headed in a northerly direction and since no individual saw the progress of these vehicles after the original impact between the two cars, an expert's opinion is admissible on the ground that there were no eyewitnesses as to the course taken by the cars after impact. The court instructed the jury in this case that the driver of the northbound car was free from contributory negligence and the driver of the southbound car which crossed over the divider was negligent and that such negligence was the sole, proximate cause of the collision. He then stated: "Your verdict will be for that plaintiff who you find was the driver of the southbound automobile involved in the occurrence in question." Thus the offer of proof made by Barbara was to permit an expert to express an opinion which would ultimately and finally decide the lawsuit. In the context of this particular case, it was actually the only issue so far as liability was concerned. This, however, does not per se bar the opinion because the jury could still accept or reject that opinion as Miller v. Pillsbury suggests.

██ ██ At the time the offer of proof was made, Barbara's counsel asked the professor whether his testimony would bear out the offer of proof which he had just made. The answer was: "It would bear out the offer of proof as long as the accident occurred immediately as the vehicle crossed the median." Barbara testified that she heard a scraping noise to her left and saw a white flash coming across. At that time she was traveling in the left-hand lane closest to the divider at about 35 mph. At the time she first saw it, it was in the southbound

lane. She further testified that her first thought was to get away from it so "I turned my steering wheel to the right just ever so slightly and I applied my brakes— hard with both feet." She further testified that she saw a girl in the other car across the passenger window and that the right side of that car struck the left side of her car. At the time of impact, she testified she believed that her car was stopped and that half of it was in the third lane and half of it in the fourth lane. Traveling at 35 mph, Barbara was traveling in excess of 50 feet per second. Her description, therefore, of the occurrence events are simply unrealistic. Reaction time plus the time required to stop means that she had to travel some distance and considerably more than 50 feet from the time she first observed the car of Myra's and the impact. In this state of the record, we think no error was committed in refusing to permit the testimony of the expert. It is apparent that the jury did not believe Barbara's testimony as to the occurrence events. It is equally clear that the opinion of the expert would have been entitled to no different belief based on those facts. The trial court held that the verdict was not against the manifest weight of the evidence and we concur.

 His reason for rejecting the testimony of the reconstruction expert is error. It is not, however, an error warranting a retrial as the opinion of the expert on the facts here shown would have been valueless. Whether the testimony of a reconstruction expert and the expression of an opinion in the reconstruction of the accident by the expert is admissible is a question to be first determined by the trial court. The determination of the trial judge in admitting or rejecting such testimony requires him to exercise his sound discretion in a particular case. Before it is exercised in favor of admissibility,

there should be demonstrated to the trial judge the following factors:

1. The expert has the necessary expertise as a result of education, training and experience in the specific area about which he expresses an opinion,

2. The area of inquiry should require the employment of principles of physics, engineering or other science or scientific data beyond the ken of the average juror,

3. The opinion of the expert cannot be naked, but must come clothed in evidentiary facts in the record, the inferences reasonably arising therefrom and must be elicited by hypothetical questions containing substantially all of the undisputed facts in evidence relating to the issue about which an opinion is sought, and

4. There must be a need apparent from the record in the case for scientific knowledge, expertise and experience which will aid the jury to a correct and a just result.

The need for a reconstruction expert should be the exception rather than the rule in automobile accident cases. Even in the absence of eyewitnesses to the occurrence events, the physical evidence generally leaves a trail readily read by the average juror and no expert is needed. Where there are eyewitnesses, the reconstruction expert is even less warranted unless the testimony of the eyewitnesses is incredible, unbelievable or contrary to accepted, natural or scientific laws. There is no place for the opinion of a reconstruction expert if the determinative facts are otherwise established by credible, physical or eyewitness evidence. A demonstra-

ble need for expert testimony, with the limitations herein stated, is the key to the exercise of a sound discretion by the trial court. Thomas v. Cagwin, 43 Ill App2d 336, 193 NE2d 233; Buckler v. Sinclair Refining Co., 68 Ill App2d 283, 216 NE2d 14. The opinion, if needed, must be based on facts existing at the time of the accident and absent such facts, the opinion is worthless and it's reversible error to admit it. Jines v. Greyhound Corp., 33 Ill2d 83, 210 NE2d 562. To be admissible, the opinion must be grounded in something more than mere conjecture, speculation or personal surmise. Schwartz v. Peoples Gas Light & Coke Co., 35 Ill App2d 25, 181 NE2d 826; Year Investments, Inc. v. Joyce, 62 Ill App2d 173, 210 NE2d 66; Deaver v. Hickox, 81 Ill App2d 79, 224 NE2d 468. Applying these principles to the offer of proof here made and to the expert's own limitation upon his opinion, we necessarily conclude that that opinion would be without probative value on this record. Accordingly, there was no error in excluding it.

The judgment of the trial court in the trial of these consolidated lawsuits is affirmed.

Affirmed.

TRAPP, P. J. and CRAVEN, J., concur.