JAMES Q. McGRATH Individually and as Admr., Plaintiff-Appellant, *v.* ALFRED J. ROHDE *et al.,* Defendants-Appellees.

(No. 69-128;

Second District—November 30, 1970.

Treacy & Clifford, of Chicago, for appellant.

Rathje, Woodward, Dyer & Burt, of Wheaton, for appellees.

Mr. PRESIDING JUSTICE DAVIS delivered the opinion of the court:

The plaintiff, James Q. McGrath, individually and as administrator of the estates of Bonnie and Matthew McGrath, deceased, and as father and next friend of Michael and Julia McGrath, minors, brought this suit against Alfred J. Rohde and William Link to recover for the alleged wrongful deaths of Bonnie and Matthew McGrath, and for injuries to Michael, Julia and himself. The trial court directed a verdict for the defendants at the close of the plaintiffs' case and the plaintiffs have appealed.

The plaintiffs contend that the trial court erred in excluding the testimony of a reconstruction expert, as a witness, and in refusing to admit his testimony relative to certain measurements.

On the day of the occurrence, James Q. McGrath, individually, herein called the plaintiff, was driving his station wagon, with four of his children as passengers, on the Lake Street extension of the expressway system. He testified that he was driving at a speed of about 60 m.p.h. in the outside or right-hand lane; that he passed a car which was travelling in the inside or left-hand lane; that he then passed a second car by moving to the inside lane, overtaking the car, and returning to the outside lane without any contact; and that at this point, he was about two

hundred feet from a bridge with a railing or abutment, which crossed over a railroad track. The last he recalled before the accident was seeing the headlights of the car he had passed in his rear view mirror; the next thing he remembered was regaining consciousness at the hospital.

Although the benefit of the Dead Man's Act (Ill. Rev. Stat. 1965, ch. 51, par. 2) was available to the plaintiff in his capacity as administrator, he called the defendant, Rohde, as an adverse witness, under section 60 of the Civil Practice Act. Ill. Rev. Stat. 1965, ch. 110, par. 60.

Rohde testified that he was driving his car at a speed of approximately 45 to 50 m.p.h. when the plaintiff passed him (his was the second car which the plaintiff testified that he had passed); that as soon as the plaintiff's car had passed him, he took his foot off the accelerator and started applying his brakes because the plaintiff had come very close to his car in passing; that he was five or six car lengths from the bridge at that time; that the plaintiff's car then struck the railing or bridge abutment, was thrown into the air and pivoted clockwise, and that he (Rohde) turned his car to the left to try to avoid the plaintiff's car, but struck it while it was still in the air.

Rohde further testified that the right front portion of his car struck the plaintiff's car at the right rear side, and that within one to five seconds thereafter, the defendant Link's car struck the plaintiff's car on its left front door.

The plaintiff then called a reconstruction expert to testify and to reconstruct the accident, to the end that the expert would conclude that the defendant Rohde had struck the rear of the plaintiff's car causing it to collide with the bridge abutment. The trial court excluded this testimony on the ground that there was an eyewitness—the defendant—Rohde— who had testified; and that the expert testimony should, thus, be barred.

The expert witness, as indicated by the offer of proof, would have testified that he had examined photographs of the plaintiff's car which indicated damage to the rear bumper and tailgate at distances above the ground, which would suggest that the plaintiff's car was struck by protusions found on the front of a car similar to that driven by the defendant Rohde. He would have concluded from certain photographs, his examination of a car similar to that of the defendant Rohde's, and from scientific principles and reasoning, that the damages to the rear bumper and tailgate of the plaintiff's car were caused by the defendant's car hitting it prior to the time that it hit the bridge abutment.

We conclude that the trial court was correct in excluding the testimony of the reconstruction expert and in directing a verdict for the defendant. In *Plank v. Holman* (1970), 46 Ill.2d 459, the Supreme Court reaffirmed that reconstruction expert testimony may be admissible where it is

necessary to rely on knowledge and application of principles of physics, engineering and other sciences beyond the ken of the average juror. But "\* \* \* reconstruction testimony may not be used as a substitute for eyewitness testimony where such is available." Also see: *Miller v. Pillsbury Co.* (1965), 33 Ill.2d 514, 515, 516.

■■ The course followed by the plaintiff's car and the sequence of events were fully testified to by the defendant, as an eyewitness. The facts were not such that they required the aid of expert testimony for comprehension. (*Ficht v. Niedert Motor Service, Inc.* (1962), 34 Ill.App.2d 360, 371.) While it is permissible, under certain circumstances, to allow expert opinion testimony even though there is an eyewitness (see: *Plank v. Holman* (1969), 108 Ill.App.2d 216, 226, rev'd on other grounds (1970), 46 Ill.2d 459), the use of such testimony should be the exception and not the rule. *Abramson v. Levinson* (1969), 112 Ill.App.2d 42, 50.

■■ Unless the testimony of the eyewitness is incredible, unbelievable or contrary to accepted, natural or scientific laws, or unless the testimony of an expert is found necessary, in addition to the testimony of an eyewitness, because it is essential in the fact finding process to rely on the knowledge and application of principles of science beyond the ken of the average juror, such expert testimony should be rejected. *Plank v. Holman* (1970), *supra; Abramson v. Levinson, supra.*

■■ The plaintiffs argue that they are not bound by the testimony which they offered under section 60 of the Civil Practice Act. This contention is only partially true. A party who calls an adverse witness under section 60 is not bound to vouch for the veracity of such witness, and he may introduce competent evidence in direct contradiction to the witness's testimony, but he is bound by the testimony of such witness to the extent that it stands uncontradicted and unrebutted. *Kapraun v. Kapraun* (1957), 12 Ill.2d 348, 355; *In re Estate of Donovan* (1951), 409 Ill. 195, 209, 210.

■■ But such rule of law would not preclude the section 60 testimony of the defendant Rohde from being that of an eyewitness. The plaintiffs may rebut or impeach such testimony, but they must do so by other competent testimony. This section 60 testimony had the same effect as any other competent eyewitness testimony offered and admitted on behalf of either the plaintiffs or the defendant as part of their or his case. This testimony, in itself, was sufficient to render inadmissible the testimony of the expert reconstruction witness.

The plaintiffs also contend that the expert should have been permitted to testify as to the measurements on cars of the same year and model as those involved in the accident, which indicated where the

damage was done and where the protrusions appeared on the respective cars. These measurements, however, were offered as a basis for the subsequent opinion which was to have been given by the expert. Even if they had been admitted for their independent value, the court would have had no occasion to rule differently than it did on the motion for a directed verdict. The evidence still would not have warranted submission of the case to the jury. *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill.2d 494, 510.

We are satisfied that there was no error in the trial which was prejudicial to the plaintiffs' rights. *Ziegler v. Smith* (1967), 86 Ill.App.2d 215, 224. Accordingly, the judgment should be affirmed.

Judgment affirmed.

MORAN and ABRAHAMSON, JJ., concur.