BETTY DOBKOWSKI, Adm'rx of the Estate of Alphonse Dobkowski, Deceased, Plaintiff-Appellee, *v.* LOWE'S, INC., *et al.*, Defendants-Appellants—(KARON L. MILLER, Adm'r of the Estate of Byford L. Miller, Deceased, Counterplaintiff-Appellant; BETTY DOBKOWSKI, Adm'rx of the Estate of Alphonse Dobkowski, Deceased, *et al.*, Counterdefendants-Appellees.)

(No. 73-310;

Fifth District—June 27, 1974.

*Rehearing denied August 5, 1974.*

Feirich, Feirich & Green, Ltd., of Carbondale (Bill F. Green, of counsel), for appellants.

Harold A. Donovan and Dennis E. Rose, both of Donovan & Hatch, and Kenneth J. Juen, all of Belleville, for appellees.

Mr. JUSTICE CREBS delivered the opinion of the court:

On February 3, 1971 a two-truck accident occurred in Monroe County between a van-type truck driven by Alphonse Dobkowski and a tractor-trailer unit driven by Byford Miller. Both drivers were killed in the accident. Dobkowski's truck had been traveling in a northerly direction, and the Miller vehicle was being driven in a southerly direction before the collision. There were no eye-witnesses to the accident.

The plaintiff-appellee, the administratrix of the estate of Alphonse Dobkowski, brought suit to recover damages for the wrongful death of Alphonse Dobkowski against Lowe's Inc., Miller's employer, and against the administrator of Miller's estate. The administrator of Miller's estate then filed a counterclaim requesting damages for the wrongful death of Miller against Dobkowski's estate and against the Clean Coverall Supply Company, Inc., Dobkowski's employer. The complaint alleged that the accident was caused by the negligence of Miller, and the counterclaim maintained that the accident resulted from Dobkowski's negligence. The jury returned a verdict in favor of the plaintiff on the complaint in the sum of $120,000 and against the counterplaintiff on the counterclaim. The circuit court entered judgment on that verdict, and the defendants-appellants request that a new trial be ordered on both the complaint and counterclaim.

The appellants maintain that: 1) the admission of an opinion of an Illinois State Trooper as to the point of impact on the highway between the two vehicles was error, 2) the admission of testimony concerning the point of impact on each vehicle was error, and 3) the court erred in allowing the plaintiff to present an evidence deposition to the jury.

An Illinois State Trooper, David Ahrens, was called as a witness by the plaintiff. He testified that he arrived at the scene of the accident soon after the collision and conducted an accident investigation. Trooper Ahrens further testified that he had attended a 16-week course offered by the Department of Law Enforcement which included instruction in

accident investigation. Ahrens also stated that, in 8 years as a State Trooper, he had investigated approximately 280 accidents and that, on some occasions, his investigation included a determination of the point of impact on the highway of two vehicles. His investigation of the accident in the instant case included examination of the debris resulting from the collision, the position of the vehicles after the accident, the contour of the highway and a fresh gouge mark in the northbound lane which he stated was caused by the accident. Trooper Ahrens was asked the hypothetical question on direct examination whether, based upon certain facts in evidence and upon his experience in investigating highway accidents, he had an opinion in which traffic lane the accident occurred. The defendants objected to the hypothetical question on several grounds but the objection was overruled. Ahrens answered that, in his opinion, the accident occurred in the northbound lane of the highway.

The defendants contend that the court erred in permitting Ahrens to state his opinion concerning the point of impact.

■■ In *Dauksch v. Chamness*, 11 Ill.App.3d 346, 296 N.E.2d 592, we stated a four-pronged test to determine the admissibility of expert accident reconstruction testimony. We held that for such testimony to be admissible, 1) the testimony or opinion must be necessary, 2) the jury must be assisted by testimony regarding knowledge of physics or the sciences beyond their ordinary ken, 3) the proffered witness must be sufficiently possessed of the requisite qualifications as an expert and 4) there must be sufficient physical data upon which the expert may base his conclusions and opinions. See *Abramson v. Levinson*, 112 Ill.App.2d 42, 250 N.E.2d 796.

The requirement that the expert testimony must be necessary was not met in the instant case. Ahrens admitted that his opinion concerning the point of impact was not based upon his knowledge or application of principles of physics, engineering or other sciences. His opinion was based merely upon his personal observation of the physical evidence at the scene of the accident. If the physical evidence leaves a trail easily read by the average juror, no expert is needed. (*Abramson v. Levinson, supra.*) In the instant case the physical evidence did leave such a trail. Ahrens testified that debris was scattered in the northbound lane and to the East of the highway and that there was no debris in the southbound lane or to the West of the highway. He also stated that a fresh gouge mark was found in the northbound lane after the accident as was a quantity of fresh mud. Ahrens also testified that both trucks came to rest on the East shoulder of the highway next to the northbound lane. We believe that the jury, using the physical evidence presented at trial, was no less competent to reach an opinion concerning the point of im-

pact than was Ahrens. Ahrens' opinion testimony, therefore, was not necessary, and it was error for the court to overrule the defendant's objection to that testimony.

■■ We hold, however, that the error committed by the trial court was harmless. The physical evidence presented at trial left no doubt that the two trucks collided in the northbound lane. Since the jury could not logically have reached any other conclusion, the defendants were not prejudiced by the admission of Ahrens' opinion testimony.

The defendants also contend that the testimony of Ahrens and of Leroy Siegfried concerning the point of impact on each vehicle was erroneously admitted. Both witnesses stated that the point of impact was on the left-front portion of each vehicle. The defendants assert that the testimony was opinion testimony for which a proper foundation was not laid. The plaintiff maintains that the statements of Ahrens and Siegfried were not opinions but were merely statements explaining what they observed at the scene of the accident.

■■ We need not determine whether the admission of the testimony in question was error because, even if error was committed, it was harmless. Photographs were taken of each vehicle soon after the accident and were admitted into evidence. These photographs clearly reveal that the two trucks did collide in their left-front areas. A reconstruction expert testifying for the defendants stated that his study of the photographs indicated that the point of impact was the left-front portion of each vehicle. Because there was no conceivable dispute as to the point of impact on the vehicles, the testimony of Ahrens and Siegfried could not have prejudiced the defendants.

The defendant's final contention is that the court erred in allowing the plaintiff to introduce an evidence deposition to the jury. The deponent was James Patterson, an after-occurence witness to the accident. Patterson's deposition was taken in Nashville, Tennessee after he was subpoenaed by the defendants. For the purposes of the evidence deposition, therefore, Patterson was the defendants' witness, and the plaintiff exercised the right to cross-examine. The plaintiff was permitted, over objection of the defendants, to read the evidence deposition to the jury during her case-in-chief. The defendants maintain that, when one party takes an evidence deposition, the other party may not introduce it and read the deposition to the jury until the party taking the deposition has had an opportunity to offer it.

Supreme Court Rule 206(c) provides that in an evidence deposition the examination and cross-examination shall be the same as though the deponent were testifying at trial. (Ill. Rev. Stat., ch. 110A, par. 206(c).) The defendants, therefore, were restricted to direct examination of the

deponent while the plaintiff had the right to cross-examine him. We believe that a party receives an unfair advantage if he introduces an evidence deposition in which he had the right to cross-examine the deponent while the other party was restricted to direct examination. A party who takes an evidence deposition, therefore, should have the opportunity to use the deposition in his case.

■■ On the other hand, a party who takes an evidence deposition should not have the power to suppress the evidence contained therein merely be refusing to offer it into evidence. Supreme Court Rule 212(b) provides that, if the court finds that the deponent is unavailable to testify at trial for one of several enumerated reasons, an evidence deposition may be used by any party for any purpose. We hold, therefore, that if a party who takes an evidence deposition declines to introduce it into evidence, the other party may do so.

Where a plaintiff desires to introduce into evidence an evidence deposition taken by the defendant, the proper procedure is for the plaintiff to ask the defendant in open court whether he intends to use the deposition in his case. If the defendant answers affirmatively, the plaintiff may not use the deposition in his case. If, after such an exchange, the defendant fails to introduce the evidence deposition, the plaintiff should be permitted to reopen his case for the purpose of introducing the deposition into evidence. If the defendant responds when questioned in open court that he does not intend to use the deposition, the plaintiff may introduce the deposition into evidence as a part of his case.

■■ We hold that the court did err in the instant case when it permitted the plaintiff, over the defendants' objections, to use the evidence deposition of James Patterson in her case-in-chief. The error, however, was harmless. In the deposition Patterson stated that he was in a car on the highway at the time of the accident in question. He saw one of the trucks as it was leaving the road after the collision, but he did not see the point of impact. The deponent also described the physical evidence at the accident, but this testimony merely corroborated that of other after-occurrence witnesses. We believe, therefore, that Patterson's testimony was of little significance and that the defendants were not prejudiced by the plaintiffs' use of the evidence deposition.

For the foregoing reasons we affirm the judgment of the Circuit Court of Monroe County.

Judgment affirmed.

EBERSPACHER and CARTER, JJ., concur.