MERRILL E. STRICKLIN, Plaintiff-Appellant, v. PAMELA ANN CHAPMAN, Defendant-Appellee.

Fifth District No. 5—89—0033

Opinion filed April 19, 1990.

Douglas N. Dorris, of Harris & Lambert, of Marion, for appellant.

Bruce E. Warren, of Mitchell, Brandon & Schmidt, of Carbondale, for appellee.

JUSTICE RARICK delivered the opinion of the court:

Plaintiff, Merrill E. Stricklin, appeals from the judgment entered by the circuit court of Saline County, after a jury trial, in favor of defendant, Pamela Ann Chapman. We reverse.

On January 3, 1985, at approximately 9:30 a.m., a collision involving a pedestrian and an automobile occurred at a five-street intersection in downtown Eldorado, Illinois. The main part of this intersection consists of Fourth Street, a paved, two-lane, unlined street running

generally north and south, and Locust Street, a paved, two-lane, unlined street running generally east and west. The fifth street is a one-way street leading off from the main intersection and is not relevant to the collision. Traffic is controlled by stop signs and a flashing red stoplight hung in the middle of the intersection addressing all four approaching lanes.

On the morning of January 3, immediately prior to the accident, plaintiff, a 66-year-old retired photographer and teacher, walked into Burnett's Bank, located at the northwest corner of the intersection of Fourth and Locust Streets, to withdraw money from his savings account. After doing so, he proceeded south across Locust Street. Plaintiff then intended to turn east and cross Fourth Street in order to go to First State Bank, located at the southeast corner of the intersection, to deposit into his checking account the money just withdrawn. Plaintiff testified that as he approached the Fourth Street crosswalk, he looked in all directions for traffic. He saw quite a few cars parked and some cars stopped but saw no moving traffic. He began his crossing of the street, heading due east. About five or six steps into the street, approximately one-third of the way across, plaintiff heard a loud noise. The noise was the sound created when he collided with an automobile. Plaintiff believed he was struck by the front bumper of the car around the knee and thigh area of his left leg. Directly after the collision, plaintiff, while lying on the pavement, looked up over his left shoulder and saw the bumper of a car. He was lying parallel to Fourth Street, with his head pointed south, about three to four feet south of the crosswalk. Plaintiff also testified he never saw that portion of the car which hit him before being struck, but did know he did not see any portion of the car flash by in front of him before the impact occurred. He further stated he heard no horn or any squealing of brakes before the impact. Plaintiff also claimed that after the accident, the driver of the car came up to him and exclaimed, "Oh my God, I didn't see you." Some of the people at the scene of the accident then helped plaintiff get up from the pavement and carried him to First State Bank so he could deposit his money. While plaintiff was in the bank, the ambulance arrived. As a consequence, plaintiff was not interviewed by any police officer at the scene before being removed to the hospital. Plaintiff sustained a broken left leg, a large bruise on the outside of his left knee, and other minor cuts and scrapes in the accident. Additionally, an old back injury was aggravated.

Defendant, the driver of the car with which plaintiff collided, testified she was headed west on Locust Street the morning of the acci-

dent. She intended to turn left and head south onto Fourth Street. Three other cars pulled up to the intersection at about the same time she did. After two of the cars proceeded on their ways, defendant began her turn. As she was completing her turn, she collided with plaintiff. She testified she did not see plaintiff until just a split second before they collided. As soon as the collision occurred, she slammed on the brakes. She had no time to honk her horn between the time she saw plaintiff and when the collision occurred.

The only identified eyewitness testified at trial that at the time of the accident he was in his car stopped at the intersection in the southbound lane on Fourth Street. He nodded to defendant's car to proceed with her turn. According to the eyewitness, defendant began her turn and plaintiff just walked right into the front fender of the car, went over the top of the hood and fell in the street. The eyewitness then got out of his car, ran up to help plaintiff and told defendant not to worry; it wasn't her fault. He further testified he believed plaintiff was cutting across Fourth Street at a diagonal in a "fast trot" or "half dead run."

Kenneth McGuire, a police officer for the City of Eldorado, was called to investigate the accident that morning. By the time he arrived at the scene, defendant's car had already been moved from where it had stopped after the accident and plaintiff was on his way to the hospital. Officer McGuire found no debris or marks on the pavement or any marks or damage on the car attributable to the accident. In his report of the accident, the officer noted, based primarily on the statements of defendant and the eyewitness, that plaintiff ran into defendant's car just to the rear of the right front tire in front of the door. McGuire was allowed to relate this opinion at the trial over plaintiff's objection.

The jury ultimately returned a verdict in favor of defendant against plaintiff. Plaintiff then filed a post-trial motion seeking vacation of the judgment order entered upon the jury's verdict. Plaintiff's motion was denied. Plaintiff appeals both the judgment and the denial of his post-trial motion, alleging he was deprived of a fair trial by the trial court's allowing Officer McGuire to testify to his opinion as to the point of impact between defendant's car and plaintiff contrary to the previously granted motion *in limine* precluding reconstruction testimony, especially when he did not observe the accident, found no physical evidence of the point of impact and was not qualified as a reconstructive expert. We agree.

■ It is axiomatic that the decision of a trial court to grant or deny a new trial is an exercise of discretion which should not be dis-

turbed on appeal unless a clear abuse of that discretion is shown in the context of the jury's verdict not being supported by the evidence and the losing party being denied a fair trial. (*E.g.*, *Reidelberger v. Highland Body Shop, Inc.* (1981), 83 Ill. 2d 545, 548-49, 416 N.E.2d 268, 270; *Smith v. Perlmutter* (1986), 145 Ill. App. 3d 783, 785-86, 496 N.E.2d 358, 359.) It is also axiomatic that error in the exclusion or admission of evidence does not require reversal unless one party has been prejudiced or the result of the trial has been materially affected. (*E.g.*, *Redmon v. Austin* (1989), 188 Ill. App. 3d 220, 226-27, 543 N.E.2d 1351, 1355.) The key, then, is, in a case close enough on the facts so that a jury easily could decide either way, whether any substantial error which might have tipped the scales in favor of the successful party calls for reversal. (See *Both v. Nelson* (1964), 31 Ill. 2d 511, 514, 202 N.E.2d 494, 496. See also *Owen v. Willett Truck Leasing Corp.* (1965), 61 Ill. App. 2d 395, 400, 209 N.E.2d 868, 870.) Here, the contested testimony, the officer's opinion as to point of impact, related directly to the central controversy of the case: namely, how the collision took place or who was at fault. This being so, we cannot say that the admission of such testimony had no effect on the outcome of the trial. Because its effect simply cannot be measured, in light of the evidence being close, in the interest of justice, we must remand this cause for retrial. *Redmon*, 188 Ill. App. 3d at 227, 543 N.E.2d at 1355.

■■ ■ Returning to the history of this case, prior to commencement of trial, plaintiff prayed for an order restricting inquiry or testimony into "conclusions by the [police] officers about whom was at fault" and into "opinions by the officer in the nature of reconstructing the occurrence." The court granted plaintiff's motion. During the course of the trial, plaintiff called Officer McGuire, the investigating officer, in his case in chief to testify primarily to the physical layout of the scene of the accident and to his observations after the accident, including the extent of plaintiff's injuries. During this direct examination, it was revealed that when Officer McGuire arrived at the scene, plaintiff had already been moved from the pavement and carried inside the bank, and defendant's auto had been moved from its resting place and was parked on a different street than where the collision occurred. Officer McGuire further testified he saw no debris or skid marks on the street which he attributed to the accident, nor did he see any physical evidence of a dent or scratch on the car itself which he attributed to the accident. He was not asked about his training in reconstructing accidents, about the number of accidents he had investigated, or about his formal schooling or on-the-job training concern-

ing recreating accidents. It was revealed, however, that he had been with the police department for only four months. On cross-examination defense counsel asked the officer: "Now, based on your report and your investigation, did you note the point of impact on [defendant's] vehicle by [plaintiff]?" Plaintiff objected at a side-bar conference, arguing defense counsel's question not only violated the *in limine* order but also constituted improper reconstructive testimony, especially when the officer had no foundation of physical facts upon which to base his opinion. The trial court overruled plaintiff's objection, stating it did not view the testimony as being in the nature of reconstruction but rather something police officers routinely do. Defense counsel repeated virtually the same question, and the officer gave his opinion as to the point of impact on defendant's car. We initially note, contrary to the trial court's ruling, point of impact is indeed in the nature of reconstruction. "Reconstruction testimony, as it is generally understood, seeks to recreate the accident; who hit whom, *where was the impact* and how fast the parties were going \*\*\*." (Emphasis added.) (*Finfrock v. Eaton Asphalt Co.* (1976), 41 Ill. App. 3d 1020, 1023, 355 N.E.2d 214, 217.) See also *Ralston v. Plogger* (1985), 132 Ill. App. 3d 90, 98-99, 476 N.E.2d 1378, 1383-84; *Gale v. Hoekstra* (1978), 59 Ill. App. 3d 400, 410-11, 375 N.E.2d 456, 464; *Dauksch v. Chamness* (1973), 11 Ill. App. 3d 346, 352, 296 N.E.2d 592, 597.) When Officer McGuire was asked to give his opinion and conclusion concerning where plaintiff's body impacted with defendant's auto, he clearly was being asked to recreate the events of the accident beyond his own observations and, more importantly in this instance, beyond observations which he made of the physical evidence at the scene. We need not address the question whether Officer McGuire was even qualified to give reconstruction testimony (see, *e.g.*, *Ralston*, 132 Ill. App. 3d at 98-99, 476 N.E.2d at 1383-84; *Deaver v. Hickox* (1967), 81 Ill. App. 2d 79, 87, 224 N.E.2d 468, 472, *appeal after remand* (1970), 121 Ill. App. 2d 465, 256 N.E.2d 866) or whether this was a case in which reconstruction testimony should have even been permitted (see *Augenstein v. Pulley* (1989), 191 Ill. App. 3d 664, 547 N.E.2d 1345; *Dauksch*, 11 Ill. App. 3d 346, 296 N.E.2d 592; *Abramson v. Levinson* (1969), 112 Ill. App. 2d 42, 250 N.E.2d 796 (for a discussion of admissibility of reconstruction testimony in general)). The officer's testimony pertaining to the point of impact not only violated the court's prior order *in limine* but also amounted to little more than speculation and conjecture. There simply was insufficient physical evidence present to provide the basic data needed to reconstruct the occurrence. See *Abramson*, 112 Ill. App. 2d at 47, 51, 250

N.E.2d at 799, 801. See also *Presswood v. Morris* (1979), 70 Ill. App. 3d 513, 516, 388 N.E.2d 844, 847.

With a case as factually close as this one, any added factor in favor of either party could tip the balance on the issue of liability. Certainly an opinion of a professional who had the opportunity to investigate the accident and observe the scene immediately after the accident occurred would be given due deference by a jury. And, that same opinion which necessarily, in this instance, had to coincide with the version of one party as opposed to the other most likely would sway the jury's deliberation in favor of the party whose version was bolstered by the conclusion of the professional. We cannot say under these circumstances that Officer McGuire's testimony was not a factor in the jury's verdict. See *Redmon*, 188 Ill. App. 3d 220, 543 N.E.2d 1351.

For the aforementioned reasons, we reverse the judgment of the circuit court of Saline County in favor of defendant and remand the cause for a new trial on all issues.

Reversed and remanded.

WELCH and CHAPMAN, JJ., concur.