GARY D. LOSEKE, Plaintiff-Appellee, v. RONALD C. MABLES, Defendant-Appellant.

Third District   No. 3—90—0866

Opinion filed August 20, 1991.

Chester C. Fuller, of Peoria, for appellant.

James S. Dixon, of Peoria, for appellee.

JUSTICE HAASE delivered the opinion of the court:

The plaintiff, Gary D. Loseke, brought this negligence action against the defendant, Ronald C. Mables, to recover damages sustained in an automobile accident involving both parties. Following a bench trial, the trial court entered judgment in favor of the plaintiff on the issue of liability. The defendant appeals, contending that he was denied a fair trial because the trial court improperly admitted accident reconstruction testimony from an investigating peace officer.

The record reveals that about 5:55 a.m. on December 15, 1986, a two-car accident occurred on Route 121 near Morton, Illinois, between a Renault LeCar driven by the plaintiff and a Chevy Vega driven by the defendant. At the time of the accident, the plaintiff was traveling northbound and the defendant was traveling southbound. There were no eyewitnesses to the accident other than the two drivers. Both drivers were seriously injured and were subsequently taken to the hospital.

The plaintiff testified that at the time of the accident he was traveling about 35 miles per hour. The roads were ice covered, the weather was clear, and it was still dark. The plaintiff first noticed the headlights of the defendant's vehicle when it was about 600 feet away. When the defendant's vehicle approached a curve in the road and was about six car lengths from the plaintiff's vehicle, the defendant's vehicle slid out of control, crossed the center line, and struck the plaintiff's vehicle.

Illinois State Police Trooper Tony Ortega testified that he had 17 years of law enforcement experience. He stated that he had specialized training in accident reconstruction, which included 40 hours of in-

struction at the Illinois Police Academy and a 40-hour course at Illinois Central College.

Trooper Ortega stated that he arrived at the scene of the accident at 6:26 a.m. At that point, it was sunny and clear. He noticed that the road was ice covered and there were two damaged vehicles in the vicinity. The defendant's car was on the northbound shoulder, and the plaintiff's car was on the southbound shoulder. Ortega noticed various debris on the roadway. He found glass and mud scattered in both lanes. In the northbound lane, he found radiator coolant and a fresh gouge mark about one foot from the center line. Ortega noted that the gouge mark was created by the undercarriage of a vehicle digging out the pavement below at what he believed to be the point of impact. Ortega also noted that radiator coolant has a tendency to fall downward at the point of impact. Based on his observations of the coolant and gouge mark, Ortega opined that the point of impact occurred in the northbound lane.

The defendant objected to the trooper's testimony about the point of impact, arguing that the testimony was improper because the trooper was not a qualified accident reconstruction expert. The trial court eventually allowed the point of impact testimony to be admitted into evidence.

Trooper Ortega further testified that he interviewed the defendant at the hospital. At the time, the defendant was conscious and appeared lucid and unsedated. According to Ortega, the defendant told him that he was driving south on Route 121 when he came into a curve, reduced his speed, slid, lost control of his vehicle, and crossed the center line.

On cross-examination, Trooper Ortega stated that although he was not an accident reconstructionist, his many years of training and experience would qualify him to identify the point of impact of an accident. Ortega initially stated that the gouge mark was from the initial impact. He later stated that the gouge mark could have been caused by a second impact. On redirect examination, Ortega explained that there was only one gouge mark on the road and that a gouge mark had to be created by the initial impact.

The defendant testified that he did not notice the plaintiff's vehicle until it was three car lengths away because of heavy fog. According to the defendant, the plaintiff's vehicle crossed the center line into the southbound lane of traffic. At that point, the defendant applied his brakes and the two vehicles collided. The defendant further testified that as a result of the collision he suffered from a fractured jaw, two fractured ankles, and a fractured femur. The defendant de-

nied having any conversation with Trooper Ortega and stated that he was unable to carry on a conversation at the hospital following the accident.

The trial court entered judgment for the plaintiff on the issue of liability. Thereafter, the trial court denied the defendant's post-trial motion. In so doing, the court found that even though Trooper Ortega was not a qualified accident reconstruction expert, he was nevertheless qualified to render an opinion as to the point of impact pursuant to *Tipsword v. Melrose* (1973), 13 Ill. App. 3d 1009, 301 N.E.2d 614. The court further found that since the physical evidence left a trail easily read by the average juror, it was error to allow the opinion testimony about the point of impact. The court concluded, however, that any error was harmless because the physical evidence permitted only the conclusion that the accident occurred in the northbound lane.

On appeal, the defendant contends that the trial court erred when it allowed Trooper Ortega to testify about the point of impact between the two vehicles.

We note that testimony about the point of impact is considered reconstruction testimony. " 'Reconstruction testimony, as it is generally understood, seeks to recreate the accident; who hit whom, *where was the impact* and how fast the parties were going \*\*\*.' " (Emphasis in original.) (*Stricklin v. Chapman* (1990), 197 Ill. App. 3d 385, 389, 554 N.E.2d 658, quoting *Finfrock v. Eaton Asphalt Co.* (1976), 41 Ill. App. 3d 1020, 1023, 355 N.E.2d 214, 217.) However, the fact that point of impact testimony is considered reconstruction testimony does not necessarily mean that a trooper is prohibited from offering his opinion regarding the point of impact. (*Tipsword v. Melrose* (1973), 13 Ill. App. 3d 1009, 301 N.E.2d 614.) Furthermore, we note that there is a strong presumption in a bench trial that the trier of fact relied only on proper evidence in reaching its decision on the merits. *People v. Ziegler* (1979), 78 Ill. App. 3d 490, 396 N.E.2d 1160.

In *Augenstein v. Pulley* (1989), 191 Ill. App. 3d 664, 547 N.E.2d 1345, the court undertook an extensive analysis of the law regarding the admissibility of reconstruction testimony. The *Augenstein* court held that there are two major prerequisites necessary for the admission of such testimony: (1) an appropriately qualified expert in the field; and (2) that the expert's testimony aid the fact finder in the resolution of the dispute. The court also noted that the presence or absence of eyewitnesses is not conclusive in determining the admissibility of such testimony.

In *Tipsword v. Melrose* (1973), 13 Ill. App. 3d 1009, 301 N.E.2d 614, the investigating trooper testified that he had investigated ap-

proximately 1,000 accidents and was trained to arrive at conclusions based on the physical evidence found at the scene and statements received from the witnesses. There, the court held that the trooper was not barred from giving his opinion about the point of impact.

In *Dobkowski v. Lowe's, Inc.* (1974), 20 Ill. App. 3d 275, 314 N.E.2d 623, there were no eyewitnesses to the accident. The investigating State trooper testified that he had investigated about 280 accidents in eight years as a trooper. His investigation of the accident in that case included examination of the debris from the collision, the position of the vehicles after the accident, the contour of the highway, and a fresh gouge mark in the northbound lane which he stated was the cause of the accident. Based on these observations, the trooper opined, in response to a hypothetical question, that the accident occurred in the northbound lane. The court concluded that since the physical evidence left a trail easily read by the average juror, it was error to allow the trooper's opinion concerning the point of impact. The court further concluded, however, that any error was harmless, since the physical evidence presented at trial left no doubt that the vehicles collided in the northbound lane and the jury could not logically have reached any other conclusion.

■ Based on the principles enunciated in the above-mentioned cases, we find that the trial court did not err in admitting Trooper Ortega's opinion about the point of impact. In reaching that conclusion, we find *Tipsword v. Melrose* (1973), 13 Ill. App. 3d 1009, 301 N.E.2d 614, particularly pertinent. In the case at bar, Ortega had over 80 hours of specialized training in accident reconstruction and 17 years of law enforcement experience. Although he may not have been qualified as a full-blown accident reconstructionist, he was nevertheless qualified to offer his opinion as to the point of impact.

Moreover, we note that even if the court erred in allowing the trooper's opinion, such error was harmless in view of the presumption that the trial judge considered only proper evidence in reaching his decision and in view of the the fact that the evidence in the instant case overwhelmingly favored the plaintiff. Regarding the evidence, we note that Ortega explained that a gouge mark would appear at the point of impact. He also explained that radiator coolant would spill downward at the point of impact. Both of these indicators of the point of impact were found in the northbound lane. Moreover, we note that following the accident, the defendant admitted to Ortega that he crossed the center line, causing the accident. Under these circumstances, it appears that the only logical conclusion the trier of fact could have reached was that the accident occurred in the northbound

lane. Accordingly, we do not find that the trial court committed reversible error in admitting the trooper's testimony about the point of impact.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

BARRY and GORMAN, JJ., concur.