JAMES CHESSIER, Plaintiff-Appellee, *v.* MELVIN SHAW, Defendant-Appellant.

First District (1st Division)   No. 62683

Opinion filed February 7, 1977.

Haft, Shapiro & Haft, of Chicago (Morris A. Haft, of counsel), for appellant.

Herman, Tannebaum & Tarnoff, of Chicago (Alvin P. Herman and Jeffrey Schulman, of counsel), for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

This is a personal injury action by a passenger of an automobile against the driver. A jury returned a $5800 verdict for plaintiff, James Chessier. Defendant Melvin Shaw's post-trial motion sought judgment notwithstanding the verdict or, in the alternative, a new trial or a remittitur. The trial court ordered a remittitur reducing the judgment to $4500.00. All further post-trial relief was denied. Defendant appeals, contending that (1) he should have been granted judgment notwithstanding the verdict, (2) the verdict is against the manifest weight of the evidence and is excessive, and (3) error was committed in the giving of an instruction.

Plaintiff testified that on July 26, 1971, he met defendant, Melvin Shaw, and defendant's cousin, McCraig, near Douglas Park. He asked them for a

ride home, was accepted and sat in the front passenger seat. McCraig was driving. Defendant sat in the back. Plaintiff testified that the streets were wet and the air was misty. McCraig drove west to the 4200 block on Jackson, stopped and got out of the car. Defendant then took the wheel, turned the car around and drove east on Jackson to Pulaski, where he turned right and headed south. Plaintiff testified that after defendant had turned onto Pulaski the car weaved back and forth across the yellow median line into the northbound lane for about one-half block. This weaving occurred approximately three blocks before the accident.

Plaintiff testified that at that time he told defendant that he could make it home from there, but defendant told him that he (defendant) could get plaintiff there. Plaintiff then stated:

> "I said, 'I think I could make it, you know, from here.' And I turned—the window was down—and I turned and looked out the window; and that's when we went into the thing."

The car in which plaintiff was riding ran into a viaduct. Plaintiff was thrown forward onto the dashboard. As a result he lost four teeth, suffered lacerations on his lower lip, over one eye and on his leg. Further, doctors found it necessary to wire plaintiff's jaws, top and bottom, for six weeks.

Defendant testified that when he turned south on Pulaski the traffic was light, it was raining heavily, he had his wipers and lights on and was driving 20 miles per hour. When he turned onto Pulaski he was in the righthand lane, the lane closest to the cars parked on the west side of Pulaski and that he changed from the right lane to the left lane to make a left turn on Roosevelt Road. He did not weave from side to side. There is no yellow line or white line, but there is a concrete divider on Pulaski. It does not start right at Jackson; it is more than that. There is a viaduct at Fillmore; the street dips underneath; it is brick and railroad tracks and he knew it was rough. There is a concrete divider near the viaduct. He applied the brakes. He did not remember hitting the pillar.

Jack L. Sorenson, who works for the Bureau of Street Traffic, testified that there is no physical median on Pulaski running north or south from Jackson to 1000 south. There is a painted median.

■ At the time of the accident there was in force in Illinois a "guest statute" (Ill. Rev. Stat. 1971, ch. 95½, par. 10—201), which in pertinent part stated:

> "No person riding in * * * a motor vehicle * * * as a guest without payment for such ride * * * shall have a cause of action for damages against the driver * * * of such motor vehicle * * * for injury, * * * in case of accident, unless such accident has been caused by the willful and wanton misconduct of the driver * * * of such motor vehicle * * * and unless such willful and wanton

misconduct contributed to the injury, * * * for which the action is brought."

Defendant argues that judgment notwithstanding the verdict should have been entered in his favor because even if plaintiff's account of the accident is taken as accurate, it does not establish that he was guilty of willful and wanton misconduct or that such misconduct caused the accident and contributed to plaintiff's injuries. It is well settled that

"In our judgment verdicts ought to be directed and judgments n.o.v. entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." *Pedrick v. Peoria & Eastern R. R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14.

In this case, plaintiff testified that three blocks from the scene of the accident defendant's car weaved for approximately one-half of a block. There was no testimony or any other evidence in the record to indicate that defendant's car was weaving at the time the accident occurred or that it was speeding.

■■ After reviewing the record, we find no indication that defendant had knowledge of impending danger and failed to exercise ordinary care. Further, we do not find that he failed to discover a dangerous condition because of his own carelessness. Plaintiff's reliance upon *Hocking v. Rehnquist* (1969), 44 Ill. 2d 196, 254 N.E.2d 515, and *Breslin v. Bates* (1973), 14 Ill. App. 3d 941, 303 N.E.2d 807, is therefore misplaced. The record contains no evidence establishing that plaintiff's injuries were the result of defendant's willful and wanton misconduct. The trial court should have granted defendant's motion for judgment notwithstanding the verdict. See *Fosdick v. Servis* (1963), 40 Ill. App. 2d 363, 189 N.E.2d 538; *Ficht v. Niedert Motor Service, Inc.* (1962), 34 Ill. App. 2d 360, 181 N.E.2d 386.

In view of our conclusion, it is unnecessary to consider defendant's other contentions.

The judgment of the trial court denying defendant's post-trial motion is reversed and the cause is remanded with directions to enter judgment for defendant notwithstanding the verdict.

Reversed and remanded with directions.

GOLDBERG, P. J., and McGLOON, J., concur.