*In re* MARRIAGE OF PATRICIA A. WALLER, Petitioner-Appellee, and JOHN F. WALLER, Respondent-Appellant.

First District (6th Division)    No. 1—92—1572

Opinion filed September 10, 1993.

R.S. Maione & Associates, of Chicago (R.S. Maione, of counsel), for appellant.

James McClure, of Elmhurst, for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

Respondent John F. Waller appeals from the judgment of the circuit court denying his petition to terminate maintenance payments to petitioner Patricia A. Waller. On appeal, respondent basically argues that his change in financial circumstances allows for termination of his maintenance obligations to petitioner.

The parties were married for 33 years and had four children, all of whom were emancipated when their marriage was dissolved in 1980. The trial court awarded petitioner $120 per week in maintenance, a 1979 Dodge automobile, payment by respondent of the Dodge car loan, 2,250 shares of Johnson Products stock (which represented all of the

stock owned by the couple) and household furniture. Respondent retained the real estate in Wisconsin and a 1973 Oldsmobile. Respondent had been employed as a printer at Reuben H. Donnelly Company at an annual income of $58,000 until he retired on May 1, 1991. Upon his retirement, his monthly income consisted of $790 in pension benefits, $911 in social security benefits and between $20 to $50 yearly in stock dividends. Based upon his retirement income, respondent unilaterally lowered his maintenance payments to $200 per month which he believed to be the same percentage he had previously paid under the dissolution judgment.

Respondent also filed a petition to terminate the maintenance payments, alleging that his retirement was a substantial change in his financial circumstances which would justify the termination of such payments. Petitioner filed a petition for a rule to show cause, contending that respondent was liable for the arrearages in maintenance payments from May 1991.

Respondent testified that he was 63 years old when he retired on May 1, 1991. He stated that he was "forced out" of his job, but that his employer had offered him another position at a lower rate of pay which he did not accept. Respondent had been remarried for about 10 years and owned a house in joint tenancy with his current wife; he was not sure if there was a mortgage on the house. Respondent's stepdaughter lived with them and paid about $300 per month in rent. Respondent had an interest in his deceased father's house which was not encumbered by a mortgage. He also owned a 1979 Pontiac; he had no savings and no debts.

Petitioner testified that she began working after her divorce, and she had been continuously employed by Rose Packing Company. Her net monthly income was $1,806 and her current monthly expenses equalled that amount. She owned a condominium for which she had paid $75,000 and which had increased in value to $130,000. There was a $30,000 mortgage on it. Petitioner also owned a 1985 Lincoln and did not currently own any stocks or bonds.

The trial court made the following findings: (1) the judgment for dissolution provided in effect for permanent maintenance of $120 per week for petitioner; (2) although it was contemplated that respondent would retire from employment at some time in the future, the judgment for dissolution did not contain any provision to decrease the amount of maintenance upon his retirement; (3) respondent currently lived in a house owned by his current wife; (4) respondent owned a home in Wisconsin that had no mortgage; (5) respondent and his brother had an interest in his deceased father's house; (6) respondent's net income was

approximately $20,000 a year; (7) petitioner's net income was approximately $18,000 to $19,000 a year; and (8) petitioner had a mortgage on her condominium. The trial court determined that respondent was able to meet his expenses and make the maintenance payments on his retirement income and that there had not been a substantial change in circumstances which would justify the termination of maintenance payments. Accordingly, the trial court denied respondent's petition and ordered him to pay $2,500.60 for the arrearages in maintenance payments and the attorney fees incurred by petitioner in seeking the rule to show cause. The issue on appeal is whether respondent's retirement at age 63 was a substantial change in circumstances so as to justify a termination in maintenance payments.

■ The Illinois Marriage and Dissolution of Marriage Act provides for modification of maintenance obligations upon a showing of a substantial change in circumstances. (Ill. Rev. Stat. 1989, ch. 40, par. 510(a).) Whether a spouse may rely on his retirement as a change in circumstances to justify the modification of maintenance depends upon the circumstances of each individual case. Relevant factors include his age, his health, his motives and timing for the retirement, his ability to pay maintenance after retirement, and the former spouse's ability to provide for herself. *In re Marriage of Smith* (1979), 77 Ill. App. 3d 858, 863, 396 N.E.2d 859.

■ In the present case, the parties were married for 33 years and raised four children who were of age when the marriage was dissolved. Petitioner had since begun working and had been employed continuously. While we recognize that respondent has a right, at some point, to retire or to substantially reduce his working hours (*Smith*, 77 Ill. App. 3d at 863), this will not necessarily justify a reduction or a termination in maintenance. While our research has not found any "bright line" age for retirement, all of the early retirement cases involve people under the age of 65. Although respondent contends otherwise, we believe that his resignation was the result of circumstances under his control because he was offered another position by his employer. Accordingly, we find that the trial court weighed the proper factors, and its decision was not against the manifest weight of the evidence.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

McNAMARA, P.J., and GIANNIS, J., concur.